Wheeler, J.
Prima facie, the presumption must be that tiie credits indorsed upon tiie note were entered by the holder or with liis assent, and that they were just credits, to which the maker was entitled. But it is insisted that, as flic petition apprised the defendant that tiie suit was for the full amount of the face of the note, he should have made his defense and brought his credits to the attention of the court below, and that he cannot be now heard to object to the judgment on this ground. The question is not whether the defendant would be entitled to equitable relief against the judgment. If *123 that were the question, the argument aucl authorities adduced by counsel would be in point. But the question here is, whether there was error committed in the rendition of the judgment.
The statute provides in the case of a judgment by default utliat, if the cause “of action is liquidated and proved by any instrument in writing, the clerk 44 shall, unites a jury is asked for by either party, assess the damages of the “plaintiff.” (Hart. Dig., art. 812.) It is therefore manifest that if the debt sued for is evidenced by writing the court is not to give judgment for_the amount claimed in the petition pbntthe clerk, by an inspection of the writing, is to ascertain the real amount of the indebtedness, for which only, though less than the amount claimed in the petition, the court will give judgment. The clerk acis in aid of the court and under its supervision ; and if he commits a material error in assessing the damages, which is carried into the judgment, it will be an error in the judgment which this court will correct.
The objection in this case is not waived by not having been urged in tlie court below. There are many matters which will be waived by appearing and pleading without urging them, which the defendant will not be deemed to have waived by suffering adjudgment by default. (3 Tex. R., 310.) The defendant might well entrust tlie ascertaining of the amount due to the officer to whom tlie iaw had confided that duty.
The credits indorsed ought to have been allowed in computing the amount due upon the note. It was error'to omit them in the computation and rendition of the judgment, for which the judgment must be reversed, and such judgment be here rendered as the court below ought to have rendered.
Reversed and reformed.
Rote 42. — Houston v. Morrison, ante 1.