JOHN G. BROWN v. E. MARQUEZE & CO.

In order to support a judgment by default, the defendant must be served by his right name. "*Brow*" is not "*Brown*," nor *idems sonans*. (Paschal's Dig., Art. 1433, Note 545.)

ERROR from Rusk.  The case was tried before Hon. C. A. FRAZER, one of the district judges.

The suit was on a note against Thomas A. Brown and John G. Brown.  There was correct service as to Thomas A. Brown.  The question turned upon the service of the writ upon John G. Brown, which was in the following words: "Executed on John G. *Brow*, by handing him a copy of the within writ and a certified copy of plaintiff's petition, on this 1st October, 1859."

John G. Brown alone prosecuted error, on the ground that "Brow" is not Brown.

*William Stedman*, for plaintiff in error.—The sheriff's return on the citation issued in the case says, as to the plaintiff in error, "Also executed on John G. Brow, by handing him," &c.

It is submitted that the return is not sufficient to show service on the defendant, John G. Brown.  It does not state that service was had upon the defendant, John G. Brown, but simply upon "John G. Brow," and the court cannot even infer that the service was made upon the party required by the writ to be served, but by reference to something *dehors* the return.  The return must be sufficient within itself, and nothing must be left to supposition or

inference based upon something outside of the return. (Underhill v. Lockett, 20 Tex., 130.) The return must fully state the manner of service, and that it was made upon the party required by the writ to be served. (Graves v. Robertson, 23 Tex., 130.

*Tignal W. Jones,* for defendant in error.—The objection is certainly a very technical one, even if it be good. John G. Brow is certainly not John G. Brown. It only lacks a single letter, *n*, however, after *w*, in the word *Brow*, to make it so.

The suit was against Thomas A. Brown and John G. Brown, as partners. The service and return are certainly good as to Thomas A. Brown, one of the partners. · If this be so, it was sufficient notice to the other partner, John G. Brown. (O. & W. Dig., Art. 1542.)

Coke, J.—This is a judgment by default, rendered in the district court of Rusk county against John G. Brown and Thomas A. Brown. The plaintiff in error, John G. Brown, brings the case here by writ of error, and assigns as error, for which the judgment should be reversed, that said judgment was rendered without citation or notice served on him.

Upon an inspection of the record, we are of opinion that the assignment is well taken. There is no evidence in the record that John G. Brown has been served with citation, or in any manner notified of the pendency of the suit. The return of the sheriff shows that Thomas A. Brown and John G. *Brow* were served with process. *Brow* and *Brown* are not the same names, nor are they *idem sonans;* they may be different persons, for all that the record shows to the contrary. In order to support a judgment by default the record should show affirmatively, and with reasonable certainty, that the party against whom the judgment is rendered has been brought within the jurisdiction of the

court by proper service of process on him. That is not shown by the record in this case. The writ of error is prosecuted by only one of the parties defendants in the judgment; but, as the judgment is entire, it must be reversed as to both.

Judgment reversed, and cause

REMANDED.