CASE 19—PETITION ORDINARY—JUNE 21.

# Caldwell vs. Evans.

### APPEAL FROM LINCOLN CIRCUIT COURT.

1. A note negotiable and payable at the Deposit Bank of Stanford, was indorsed by the payee to the cashier of the Branch Bank of Kentucky, at Danville, and by him indorsed to the cashier of the Deposit Bank of Stanford. The subsequent possession of the paper by the payee, with the indorsements erased by lines drawn over them, rebuts all presumptions that the note was assigned for any other purpose than that of collection; and

2. To support the plea of the surety that the note had been discounted in bank, and thereby put upon the footing of foreign bills of exchange, the erased indorsements were wholly insufficient, especially as the records and officers of the bank would establish whether the note had actully been discounted.

3. Making a note payable at a bank does not, of itself, constitute such bank an agent of the payee to receive the money, but it is a mere designation of a place, where both the paper and the funds to take it up, will be on the day it is due; therefore, to make the bank the payee's agent, either the paper must be indorsed to, or deposited with it.

G. W. DUNLAP,                  For Appellant,

CITED—

*Rev. Stat., sec. 2, art. 3, chap. 63.*

*2 Mar., 347; Sanders, &c., vs. Bank of Kentucky.*

DURHAM & JACOBS,                For Appellee.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This was a suit by appellee on a note for one thousand three hundred and fifty dollars, executed to him October 1, 1860, due September 15, 1861, by T. W. Varnon, E. B. Caldwell, with the word "*surety*" affixed to his name, and

Caldwell vs. Evans.

then N. G. Tevis, and which was negotiable and payable at the Deposit Bank of Stanford.

Indorsed: " Pay T. Mitchell, cashier, or order.

" W. F. Evans."

" Pay J. W. Proctor, cashier, or order.

" T. Mitchell, *Cashier*."

Both of which were crossed by lines drawn over them.

The note not being paid, was duly protested. October 1, 1861, it was credited by four hundred dollars, and February 3, 1863, by four hundred and forty-eight dollars. Suit was not brought on it until October 7, 1867.

October 23, 1867, judgment by default was rendered against Varnon and Caldwell.

Afterwards, on Caldwell's affidavit, the judgment as to him was set aside, and his answer filed, which sets up that the note was negotiable and payable at the Deposit Bank of Stanford, and by it discounted, and thereby put upon the footing of a foreign bill of exchange, and that more than five years had elapsed between the time when it was due and the bringing this suit; therefore he, as a security, was released.

The cause was submitted to the circuit judge; it being agreed that Caldwell was security only on the note; that Mitchell was cashier of the Branch of the Bank of Kentucky at Danville, and that Proctor was cashier of the Deposit Bank of Stanford; and then the note, with its indorsements and the protest, was all the evidence; and the judge having decided for the plaintiff, Caldwell seeks a reversal, insisting that the indorsements sufficiently attest that the note had been discounted by the Deposit Bank of Stanford.

As has been often held, and recently decided by the Supreme Court of the United States, in *Wm. Ward et al. vs. Francis L. Smith, American Law Register, June,*

1869, the making of a note payable at a bank does not, of itself, constitute such bank an agent of the payee, to receive the money, but it is a mere designation of a place, where both the paper and the funds to take it up will be on the day it is due; therefore, to make the bank the payee's agent, either the paper must be indorsed to, or deposited with it.

Here, the paper was first indorsed to the Branch of the Bank of Kentucky at Danville, and by it to the Deposit Bank, which might perhaps be sufficient, in themselves, to carry the legal title, if nothing else appeared; but as that is known to be the usual habits of collecting such paper through the agencies of the banks, the subsequent possession of the paper, with the erasures of the indorsements, fully rebuts the presumption of a transfer of the legal title for any other purpose than that of collection, especially as the records and officers of the bank would establish whether the note had actually been discounted, and thereby show the transfer was not for mere collection, but as a purchase, which would put it on the footing of a foreign bill of exchange; and the failure to produce this evidence, so certain and so accessible, raises a presumption that it does not exist. But however this may be, possession of the note by the payee, with an erasure of the assignments, rebuts all presumptions that such a note was assigned for any other purpose than that of collection; and, therefore, the statute of limitations relied on could be no bar, as it was not a foreign bill of exchange, and could not be put on such footing until so discounted.

Wherefore, the judgment is affirmed, without damages, no supersedeas appearing.