## Thomas Tinsley v. H. C. Penniman.

### No. 3168.

1.  **Cause of Action.**—Action on bill of exchange alleged to have been drawn by plaintiff on the defendant at his request and for his sole use and benefit; payment refused and the bill taken up by plaintiff. These allegations on general demurrer were sufficient and exhibited a cause of action.

2.  **Evidence Illegal.**—A witness in testifying to a material fact disclosed that the matter was in writing. Objection that the written testimony should be produced or accounted for, should have been sustained. The admission of the testimony objected to was error.

3.  **Allegata and Probata.** — Facts developed in the testimony not alleged can form no basis for recovery by plaintiff. See example.

4.  **Practice.**—The character of an action must be determined by the allegations in the petition, not by the facts subsequently disclosed by the evidence. See example. Suit on bill of exchange did not admit testimony to items of commissions and money advanced for use of defendant.

Error from Dallas. Tried below before Hon. R. E. Burke. The opinion states the case.

*G. G. Wright*, for plaintiff in error.—1. A bill of exchange drawn by plaintiff on defendant can not be the basis of a suit.

2. Where there is a written document to prove a fact, the writing is the best evidence of its contents. Muller's Admr. v. Hoyt, 14 Texas, 49.

3. Facts not alleged by the pleader can not be a matter of testimony. Roseborough v. Gorman, 6 Texas, 314; Burnett v. Henderson, 21 Texas, 590.

4. The allegata and probata must correspond, and no judgment can be rendered on facts proved and not alleged. Wright v. Wright, 3 Texas, 168; Hall v. Jackson, 3 Texas, 309; Chrisman v. Miller, 15 Texas, 160; Harrison v. Nixon, 9 Pet., 403; Story Eq. Jur., sec. 503.

5. Where it is disclosed on the evidence of a witness on the stand that the transaction was carried on by letters and telegrams, the contents of the letters and telegrams must be proved by the instruments themselves, or accounted for before oral testimony can be heard as to what their contents were.

*Brown, Hall & Freeman*, and *R. D. Coughanour*, for defendant in error. 1. The suit of plaintiff was not brought on the draft, but to recover a certain sum of money paid by the plaintiff for defendant at his instance and request, and his allusion to the draft was only to show by way of inducement how the liability accrued and the amount of the debt.

2. The rules of pleading do not require the pleader to state the circumstances attending his case, which are but the evidence of the facts

to be stated; and whenever the fact is stated, evidence of the fact is admissible, though not specially developed in the pleading; and the cases where the fact is stated truly though defectively (in respect to time, place, and the manner of the happening of the fact, and there is no special exception to the plea), evidence competent to prove the truth of it and not inconsistent with the allegation, should not be excluded merely in consequence of the form of stating the fact. Wells v. Fairbanks, 5 Texas, 585; Railway v. Chandler, 51 Texas, 416; 15 Texas, 177, 400; 20 Texas, 183; 28 Texas, 713; 58 Texas, 148; 60 Texas, 194; 41 Texas, 74.

TARLTON, JUDGE, *Section B.*—May 13, 1890, H. C. Penniman, appellee, brought this suit in the District Court of Dallas County to recover of Thomas Tinsley, appellant, the sum of $2270.90. Plaintiff, in stating his cause of action, alleges as follows: "That heretofore, to-wit, on the 15th day of May, 1888, plaintiff, at the special instance and request and for the sole use and benefit of defendant, made his certain bill of exchange in writing, directed to the defendant, and thereby requested him to pay at sight to the order of the Fourth National Bank the sum of $2270.90, and delivered said bill of exchange to said bank; that afterward, to-wit, on the 21st day of May, 1888, the said bill of exchange was presented and shown to defendant for his acceptance and payment thereof, and the said defendant was then requested to accept and pay the same, but the said defendant, though often requested did not then nor at any time thereafter accept or pay said bill of exchange, but wholly refused and still refuses so to do; that plaintiff has paid off and taken up said bill of exchange, together with the protest fee of $1.25 thereon; that by reason of the premises defendant became liable and promised to pay plaintiff the sum of $2272.15, with lawful interest thereon from the said 15th day of May, 1888; that said defendant, though often requested, has never paid said sum of money nor any part thereof, and that the same now remains due and wholly unpaid."

The defendant's answer consisted of a general demurrer and a general denial.

The plaintiff in error complains, first, that the court erred in overruling his general demurrer to plaintiff's petition. The averments of the petition are, in effect, that at the special instance and request, and for the exclusive benefit of defendant, he drew a draft on the latter for the sum named; that the draft was dishonored, and that, for the exclusive benefit of defendant, plaintiff paid off and took up the bill of exchange. In our opinion these facts were, if true, sufficient to beget the liability averred in the petition. We must, on general exception, indulge in every reasonable intendment arising upon the pleading criticised. 47 Texas, 619, rule 17. The facts stated, if true, constitute a cause of action, and this is the only question to be considered on

general exception.    Williams v. Warnell, 28 Texas, 610.    The general demurrer was properly overruled.

Two witnesses, H. C. Penniman and A. C. Ardrey, were permitted over defendant's objection to testify; the former, that "he had authority in writing from defendant to draw on him for $2270.90, the amount of the draft;" the latter, that the defendant by letter "authorized the plaintiff to draw on him for enough money to close the trade then pending between them."    The ground of objection to this testimony was that it disclosed the fact that the authority referred to was in writing, which was the best evidence of its contents, and that the letter or letters referred to should be produced or their absence accounted for before parol evidence of their purport could be admitted.    The objection should clearly have been sustained.    The testimony was introduced evidently under the averment of the plaintiff's petition that the bill of exchange was drawn at the special instance and request, and hence by the authority, of the defendant.    The error was therefore committed with reference to a material issue.

It is assigned as error that the court erred in overruling defendant's objection to the introduction in evidence of the following telegram and letters:

"NEW YORK, March 14, 1888.

"*H. C. Penniman, care of Currie & Burlew, Dallas, Texas:*

" If you can get $33,500, close the trade.

"THOS. TINSLEY."

"*H. C. Penniman:*          "NEW YORK, March 20, 1888.

"DEAR SIR—I hereby inclose release from Wesley Clark, and my deed to Messrs. Prather, Ardrey & Sumpter. I have made the interest payable annually, they to pay the taxes for 1888. In this State taxes are not a lien upon property until confirmed by the commissioners. Not three months of the present year have yet passed. You will receive this letter on the 24th instant, at which time there will be due to Lively $7000; interest from March 10 to 24, 14 days, $27.20, $7027.20; amount paid by Prather, $6000; balance due to Lively, $1027.20.

"I sent to Mr. Cooper $1400 to pay two years' interest due to Lively on 10th instant. You can draw on me for $1027.20 through Messrs. Oliver & Griggs, and I will pay it. I have written to Messrs. Oliver & Griggs to pay the above amount to you upon delivery to them of the three notes for $9166.66⅔ each, and the trust deed you will give to me as soon as recorded.    Yours truly,          "THOS. TINSLEY.

"P. S.—I shall be leaving here for Dallas as soon as I receive the above draft and notes, and will settle the commissions with you when I see you in Dallas. I make your commissions to amount to $837.50. I expect to make other purchases as soon as I get everything squared up."

"*Mr. H. C. Penniman:*                    "NEW YORK, May 5, 1888.

"DEAR SIR—I am in receipt of your letter, and should have replied earlier, but was prevented by press of business. I have been expecting every day to leave for Texas, when I intend to settle the dispute as to the lots. You could have settled long ago. I instructed you to divide the amount in dispute, which would have been $200. I sent you a telegram at the time. My offer was based upon your clients paying the taxes, and now, as you did not understand it so, I authorize you to allow one-half of taxes. For goodness sake don't quibble over so small a matter. Yours truly,

                                    "THOS. TINSLEY."

In connection with the evidence furnished by the foregoing correspondence, the plaintiff Penniman testified, in effect, that as agent for Tinsley he negotiated the sale to Prather, Ardrey & Sumpter, of the property referred to; that in accordance with the instructions of defendant he closed the trade for $33,500; that a cash payment of $6000 was made, and that the balance of the purchase money was represented by three notes, executed by the vendees, of $9166.66⅔ each; that after applying the cash payment to the extinction of incumbrances on the property, amounting to about $7200, it became necessary, in consummating the transaction, to procure $2270.90, of which a portion should be applied to the payment of the balance secured by lien, the sum of $220 to the payment of taxes under authority of Tinsley, the sum of $837.50 to the payment of commissions due plaintiff for the sale of the property (which commissions, under agreement between plaintiff and defendant, were not to be deducted from the cash payment), and the balance to the payment of expenses incurred.

The objection urged to the introduction of the correspondence was, that it did not tend to prove the allegation of the petition that plaintiff was authorized to draw for $2270.90, but that, on the contrary, it indicated authority to draw for $1027.20, a different sum. The correspondence negatived authority to draw for the amount due as commissions, $837.50. It indicated that this indebtedness was to be settled by the defendant in person, on a visit to Dallas, to be made as soon as the authorized draft for $1027.20 was received by him. This objection was therefore well taken; and if offered for the purpose of showing authority to draw the bill in question, the evidence was inadmissible. Burnett v. Henderson, 21 Texas, 590. The petition, however, also alleged that the bill was drawn for the exclusive use and benefit of the defendant. The testimony of Penniman above set out tended to prove this allegation, by showing how and under what circumstances the money drawn was applied to the benefit of the defendant, and was hence admissible. The telegram and letters corroborated the statement of the plaintiff, and for this purpose were properly read in evidence.

The appellee contends that this suit is not brought on a bill of exchange, but that it is brought for money expended and services rendered by plaintiff to defendant, amounting to $2270.50, and that the reference to the draft was solely as matter of inducement. In this we dissent from appellee. The character of an action is fixed by the averments in the pleadings; not certainly by the facts subsequently disclosed by the evidence. Applying this test in this instance, we find the complaint to consist in the facts alleged, that plaintiff did, under specific authority from defendant, draw a bill of exchange on defendant in the amount stated, for the exclusive benefit of defendant; that payment of the bill was refused by defendant, and that plaintiff paid off and took up the bill for the exclusive use of defendant. We find no allegation here suggesting even remotely a demand for services rendered in the capacity, as subsequently proved, of a real estate broker or agent. Had the plaintiff averred the performance and the value of services rendered, the amount of money expended and the circumstances of its expenditure, showing by his averments the drawing of the bill to be purely matter of inducement, a different case, we apprehend, would have been presented.

Excluding the evidence erroneously admitted, there was no testimony proving or tending to prove authority by the defendant for the drawing of the bill of exchange in question. The allegation of authority is the basis of the case as made by the pleadings. Under the familiar principle, too well settled to require the citation of authority, that the evidence on a material issue must be supported by the allegations, the judgment of the lower court should not be sustained. We deem it not amiss to state, also, that there is no evidence in the record in support of the averment that the bill of exchange was taken up and paid off by plaintiff.

The judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted January 19, 1892.

A motion for rehearing was refused.