YATES et al. v. CRADDOCK et al.
(No. 1561.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 3, 1916.)

1. WITNESSES ⟶139(9) — COMPETENCY — TRANSACTION WITH DECEDENT.
    Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, providing that in an action by heirs arising out of a transaction with decedent neither party can testify against the others to a transaction with decedent, plaintiff suing for land as heirs, defendant cannot testify to a purchase from deceased.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 590; Dec. Dig. ⟶139(9).]

2. DESCENT AND DISTRIBUTION ⟶30 — PARENTS AND BROTHERS.
    By express provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 2461, one dying intestate without surviving spouse or children, her lands descend half to parents and half to sisters and brothers.
    [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 84–90; Dec. Dig. ⟶30.]

3. BASTARDS ⟶104—CAPACITY TO INHERIT.
    Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2473, providing that bastards can inherit from and through their mother, bastards of the same mother may inherit from each other.
    [Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 251, 257–262; Dec. Dig. ⟶104.]

Appeal from District Court, Titus County; J. A. Ward, Judge.

Action by Emma Yates and others against Lucy Craddock and another.. Judgment for defendants, and plaintiffs appeal. Reversed and remanded for new trial.

Appellants sought to have partition made of a certain described tract of land, claiming that they owned a three-fourths and Lucy Craddock a one-fourth interest in the same. Lucy Craddock and her husband answered, denying that appellants had any interest in the land, pleaded in bar the ten-year statute of limitation, and by cross-action sought to recover the title to the land, averring that they had purchased the land of Emeline Stewart in virtue of a parol contract duly performed to take care of, feed, and clothe the aged parents of Emeline Stewart, and had gone into possession of the same, made valuable improvements, and had paid all taxes thereon. There was a trial before the court, and judgment was entered in favor of defendants for title and possession of the land.

It was shown that Emeline Stewart, the owner of the land, died intestate in 1904. She was a widow without children. Adeline Turner was the mother of Emeline Stewart, and she died in 1913. Plaintiffs Turner and Bailey are the sister and brother, and plaintiff Yates is the niece, of Emeline Stewart. Defendant Lucy Craddock is the sister of Emeline Craddock. There is some evidence admitting of the inference that all of the above children of Adeline Turner were bastards. The evidence in respect to the entire case will not be set out.

Seb F. Caldwell, of Austin, for appellants. J. M. Burford, of Mt. Pleasant for appellees.

LEVY, J. (after stating the facts as above). The defendant Alex Craddock offered to testify in behalf of himself and wife in support of the allegations of their cross-action that

he and his wife, Lucy Craddock, had a parol agreement with Emeline Stewart of purchase of the land in suit, agreeing with Emeline that they would take care of, feed, support, and care for her mother, Adeline Turner, as long as the mother should live, in consideration of the land. The plaintiffs objected to the evidence as being a transaction with a decedent and incompetent under article 3690, R. S. The court overruled the objection, and the witness testified at length concerning a purported parol agreement with Emeline Turner about the acquisition of the land, which is fully shown in the bill of exception. The court qualifies the bill as follows:

"The evidence showed that Adeline was a slave, and during her bondage Emeline Stewart was born, and some of the others who are parties to this suit. Emeline Stewart died prior to the death of her mother. Adeline Turner inherited the whole estate of her illegitimate daughter Emeline Stewart, and, if the other parties to this suit had any interest in the land by inheritance, it was as heirs of Adeline Turner, and not of Emeline Stewart, and the trade between Alex Craddock and Emeline Stewart was not within the inhibition of the statute."

[1-3] It would appear plainly stated that the court deemed the evidence admissible upon the ground that illegitimate sisters and brothers may not legally inherit from each other. The evidence is clearly inadmissible under the terms of the statute, and it is believed the court erred in admitting it. Article 3690, Vernon's Sayles' Stat.; James v. James, 81 Tex. 376, 16 S. W. 1087. Upon the death of Emeline Stewart the title would descend one portion to the mother, and the other portion to the sisters and brother or their descendants. Article 2461, Vernon's Sayles' Stat. And bastard children of the same mother may inherit from each other. Article 2473, Vernon's Sayles' Stat.; Berry v. Powell, 47 Tex. Civ. App. 599, 105 S. W. 345; Berry v. Tullis, 105 S. W. 348. Therefore Adeline Turner, the mother, could not have inherited the whole of the land at the death of Emeline Stewart. As the cross-action was only sustainable upon this evidence, and as the judgment was entered on the cross-action, the error, it is concluded, was prejudicial and ground for reversal.

Judgment reversed, and cause remanded for another trial.