**FIRST NAT. BANK OF ROSWELL, N. M.,
v. BROWNE GRAIN CO. et al.
(No. 1006.)**

(Court of Civil Appeals of Texas. Amarillo. May 31, 1916. Rehearing Denied June 21, 1916.)

1. JUDGMENT &#9758;18(1) — TRIAL &#9758;396(1) — FINDINGS OF COURT—PLEA ELIMINATED.

A plea having been eliminated, by the sustaining of exceptions thereto, will not sustain a finding, and the judgment thereon, for defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 34, 35; Dec. Dig. &#9758;18(1); Trial, Cent. Dig. § 935; Dec. Dig. &#9758;396(1).]

2. TRIAL &#9758;396(2)—FINDINGS OF COURT—ABSENCE OF PLEA.

A finding for a drawee of a draft, sued by the payee, who had cashed it for the drawer, that the drawer had a deposit with the payee, suffi-

cient to repay it, is unauthorized, in the absence of plea of such fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 935; Dec. Dig. ☞396(2).]

3. BANKS AND BANKING ☞175(3)—COLLECTING DRAFT—NEGLIGENCE—EVIDENCE.

Evidence in an action against a bank for negligence in not collecting a draft, sent to it with bill of lading attached, *held* sufficient to exonerate it of negligence, on the ground that the drawee obtained possession of the goods shipped on an order from the consignor and drawer.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 635, 640–646; Dec. Dig. ☞175(3).]

Appeal from Collin County Court; H. L. Davis, Judge.

Action by the First National Bank of Roswell, N. M., against the Browne Grain Company and others. From an adverse judgment, plaintiff appeals. Affirmed in part, and in part reversed and remanded.

Jas. M. Muse, L. C. Clifton, and Mort W. Muse, all of McKinney, for appellant. J. R. Gough, W. R. Abernathy, and G. R. Smith, all of McKinney, for appellees.

HENDRICKS, J. One R. E. Levers, of Roswell, N. M., agreed to sell to the Browne Grain Company, of McKinney, Tex., a carload of alfalfa hay for the sum of $247.17, the hay to be shipped from Farwell, Tex., to Simsboro, Tex. The shipment was by Levers as consignor, to himself as consignee, and the bill of lading so stated, with the freight prepaid. At the time of the shipment he drew a draft upon the Browne Grain Company, payable to the order of the First National Bank of Roswell, N. M., for the purchase price of the hay, and which was cashed by the bank; the amount being credited in Levers' account as a customer of the bank. The bill of lading was attached to the draft, and by the Roswell bank was transmitted to the Collin County National Bank, at McKinney, Tex., for presentation and payment. This draft and bill of lading was returned by the Collin County National Bank to the Roswell bank on March 21, 1912, uncollected, with instructions that an order should be furnished by the owner of the hay, as a requisite to the delivery of same to the Browne Grain Company, the purchaser.

An order was made out by Levers, the consignor in the bill of lading, and got into the hands of the Browne Grain Company, who presented the same to the railway company, and upon the strength of which the railway company delivered the hay to the grain company. The Roswell bank sued the Browne Grain Company, also the Collin County National Bank, claiming that Levers wrote the order for the hay, delivered the same to it, and that in compliance with the instructions of the Collin County bank it forwarded said order to the latter bank, with a return of the draft and the bill of lading.

The Collin County bank claims that, when said draft and bill of lading were returned to it for re-presentation to the Browne Grain Company for collection, no order, authorizing the railway company to deliver the hay, accompanied said draft and bill of lading. Browne, of the Browne Grain Company, testified that Levers forwarded said order directly to the Browne Grain Company, and that, when the draft was presented for collection, no order was attached to it, nor to the bill of lading. One of the employés of the bank, who attended to the collection, also testified that no order was attached to the papers. The Browne Grain Company again refused to pay the draft, and the same was again returned to the Roswell bank, and the trial court, without the assistance of a jury, found that the Collin County National Bank, was not culpable with reference to the collection of the draft, or the delivery of the hay by the railway company to the Browne Grain Company, and adjudged that the Roswell bank could not recover against said Collin County bank.

[1, 2] The Browne Grain Company answered that at the time the order was sent by Levers, directly to it, to take charge of the hay, Levers was indebted to the Browne Grain Company in an amount more than the value of the car of hay and that said car of hay was received by the grain company upon a previous understanding and agreement with Levers that there would be a settlement and adjustment between then with reference to said previous indebtedness, of which the Roswell bank had knowledge. The trial court sustained exceptions to this plea, but at the trial, notwithstanding the elimination of the plea, found against the Roswell bank, in favor of the Browne Grain Company. The ninth finding is in substance that plaintiff had notice that the defendant Browne Grain Company was claiming that Levers was due the grain company in the several sums as set out in their answer, and that Levers had on deposit, in his name, money in plaintiff's bank, more than enough to repay it for the amount placed to the credit of said Levers at the time the draft was cashed by plaintiff. There is no plea in the record to sustain such a finding, nor the judgment entered thereupon.

If the Roswell Bank had notice of an offset in favor of the Browne Grain Company against Levers, and if Levers had a deposit in the Roswell bank, over which it had control, and out of which said bank could have protected itself on account of the nonpayment of the draft, such a question is academic, on account of the lack of pleading to sustain such a contention. If the trial court had not sustained exceptions to the pleadings, declaring an offset, neither is there any allegation that Levers had a deposit at the time when the Roswell bank elected to pursue its remedy against the Browne Grain Company for the hay.

[3] We have noted carefully appellee's au-

thorities, but think it unnecessary, in the condition of the record, to discuss the question. The testimony is sufficient to exonerate the Collin County National Bank upon the issue of negligence as to the collection of the draft from the Browne' Grain Company, and there is no complaint by appellant against the railroad company in this appeal.

The judgment of the trial court will be affirmed in favor of the bank and the railroad company, but is reversed and remanded against the Browne Grain Company.