**BARTON v. POCHYLA et al. (No. 6429.)**

(Court of Civil Appeals of Texas. Austin. June 7, 1922.)

**1. Judgment &#9740;342(2)—Court has power to set aside judgment rendered at a previous term.**

A district court has authority under its general equity powers to set aside a judgment rendered by it at a previous term.

**2. Bills and notes &#9740;467(2)—Allegation that defendants executed and delivered note to plaintiff held sufficient averment of ownership.**

Payee's petition, averring that defendants executed and delivered the note to plaintiff, with a copy of the note attached showing plaintiff was payee, sufficiently showed ownership as against a general demurrer.

**3. Judgment &#9740;461(1)—Presumed to be supported by evidence.**

In an action to set aside a judgment, it is presumed that the judgment was founded upon competent and legal evidence, in the absence of averments to the contrary.

**4. Pleading &#9740;17—Allegation that note bore indorsement held insufficient averment that title had passed from the payee.**

Averments in petition in action to set aside a judgment rendered in an action on a note that the note bore an indorsement and transfer to another was an insufficient averment that the title had passed from the payee.

**5. Judgment &#9740;405—Equity will not relieve a party against a judgment which resulted from his negligence.**

Equity will not relieve a party from a judgment where he did not set up any defense in the original action, but wholly made default and sought no new trial, nor took an appeal nor offered any reason for not doing so.

Jenkins, J., dissenting.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Action by Mrs. Annie Barton against Henry F. Pochyla and others. From judgment of dismissal, plaintiff appeals. Affirmed.

Johnston & Hughes, of Waco, for appellant. Street & Coston, of Waco, and Method Pazdral, of West, for appellees.

### Nature and Result of the Case.

BRADY, J. On January 5, 1921, appellant, in her own behalf and as next friend of her minor daughter, Wilma Sulak, brought suit in the district court of McLennan county against appellees, to set aside a judgment against her, rendered in that court in April, 1919, in favor of Henry F. Pochyla, on a note executed by her and her husband, Adolph Barton, for $850, and foreclosing a vendor's lien on property for which said note was given in part payment. The court sustained a general demurrer to said petition, which action of the court is assigned as error herein.

[1] A district court has authority, under its general equity powers, to set aside a judgment rendered by it at a previous term, and in a proper case it would be its duty to do so. Overton v. Blum, 50 Tex. 417; Robbie v. Upson (Tex. Civ. App.) 153 S. W. 407, 408.

In this, as in all cases where a general demurrer is sustained, in determining the correctness of such ruling, the allegations in the petition must be taken as true. The material allegations in appellant's petition are:

That on or about February 28, 1916, she purchased from appellee, Henry F. Pochyla, for the consideration of $5,340, a house and lot in the town of West, McLennan county, paying therefor by deeding said Pochyla a tract of land and executing her vendor's lien note, in which she was joined by her husband, Adolph Barton, to said Henry F. Pochyla, for $850, for the balance of the purchase money due thereon.

That the land given in exchange for said house and lot was the separate property of herself and her minor daughter, Wilma Sulak, the same having been purchased with money obtained by her in settlement of a judgment against a railway company on account of the death of her former husband, John Sulak, occasioned by the negligence of such railway company. That said judgment was for the sum of $3,333.33, one-third of which was apportioned to her said minor daughter, and two-thirds to her. That said fact was well known to each of the defendants at the time she purchased said house and lot and executed said note. That her present husband, Adolph Barton, refused to join her in this suit.

That on or about February 16, 1917, appellee, Henry F. Pochyla, for a valuable consideration to him paid by his mother, Mrs. Johanna Pochyla, sold and delivered said note to appellee, the said Mrs. Johanna Pochyla, and executed on the back thereof a written transfer of said note, together with the vendor's lien retained to secure its payment, whereby the said Mrs. Johanna Pochyla then became and ever since has remained the owner of said note, and that she had never executed a retransfer of said note or vendor's lien to said Henry F. Pochyla. That appellant paid to said Mrs. Johanna Pochyla all interest due on said note to February 28, 1918.

That in the latter part of 1918, said note then being due, appellant secured the money to pay off said note from a party who agreed to purchase said note and give appellant further time in which to pay same, and that she tendered to Mrs. Pochyla full payment of said note. That Mrs. Pochyla requested her not to allow such other person to take up said note, but to permit her to continue to hold the same, and that she would carry the same for appellant for two or three years, and at the end of such time, if desired, she would accept a renewal of said note, and that appellant acceded to said request.

That thereafter, on March 10, 1919, the said Henry F. Pochyla filed suit on said note in the district court of McLennan county, against appellant and her husband, Adolph Barton, and at the April term, 1919, of said court recovered a judgment by default against appellant and her husband, for principal, interest, and attorney's fees specified in said note and for foreclosure of the vendor's lien on said house and lot.

That thereafter, on April 30, 1919, an order of sale was issued out of said court by virtue of which, on June 3, 1919, the house and lot were sold by the sheriff of McLennan county at public vendue, and were purchased by said Henry F. Pochyla, for the sum of $500, which was credited on said judgment, leaving a balance due thereon of $463.20. That said judgment was a personal judgment against appellant.

The petition of Henry F. Pochyla in the suit hereinbefore referred to is set out in full in appellant's petition. It appears therefrom that Pochyla expressly alleged the execution and delivery of the note to him by defendants, fully describing it and setting out the note in hæc verba. The note as set out in the petition shows that it was payable to Pochyla, and that it was given to him by defendants, in part payment of the property foreclosed upon, and which was conveyed to, Mrs. Annie Barton by Pochyla and his wife. It was also alleged that by reason of the execution and delivery of the note by defendants to Pochyla they became liable and bound, and promised to pay him the amount thereof. There was an express averment that the note was past due and unpaid, and

the refusal of the defendants to pay the same.

The judgment expressly recites that the defendants were found to be indebted to Pochyla, and is in the ordinary form of a foreclosure decree. Said note bore interest at the rate of 8 per cent. per annum from date until paid.

Appellant's petition alleges that by reason of the agreement between her and Mrs. Johanna Pochyla, the owner of said note, that the time for the payment thereof was extended for two or three years, and the same was not due when suit was brought, nor when judgment was rendered thereon. That said suit was brought unjustly and fraudulently, for the purpose of defrauding appellant and her minor child out of their said property. That the same consisted of a brick store building on a business lot in the town of West, for which she paid a consideration of $5,340, and at the time said suit was filed and at the time same was sold under said order of sale it was worth the sum of $6,000, and is of the rental value of $50 per month. That she could at any time easily have secured a loan thereon for enough to pay off said note and interest, and would have done so but for the false promises, chicanery, and fraud of the defendants herein.

Appellant tendered into court the amount of principal and interest due on said note, and prayed that it be canceled and delivered to her, and that the deed to Henry F. Pochyla be set aside and held for naught, and that she recover the title of said property for herself and her said minor child.

There are other allegations as to a pretended sale of the property by Henry F. Pochyla to his brother-in-law, Mayo, one of the appellees, and the incumbrance of same by said Mayo, which need not here be stated, for the reason, if appellant is not entitled to have the judgment set aside as against Henry F. Pochyla, she is not entitled to any relief as against the other appellees; and, on the other hand, if the judgment be set aside as to Henry F. Pochyla, the court upon the trial of this cause will adjust the equities as to the other appellees.

### Opinion.

[2] The judgment sought to be set aside is assailed here as void, because it was without pleading to support it. The specific claim is that the plaintiff, Pochyla, did not allege that he was the owner of the note. The substantial averments in this relation have been set out in the statement of the case. There was an express averment that the defendants executed and delivered the note to Pochyla, and the copy attached to the petition showed that he was the payee. In connection with the other allegations, we think this was sufficient averment of ownership, as against a general demurrer. In testing a pleading by general demurrer, the rule is too well fortified to require citation of authorities that every reasonable intendment will be indulged in favor of its sufficiency.

In 8 Corpus Juris, p. 886, it is said:

"In an action by the payee against the maker of a note, it is sufficient to allege the execution and delivery of the note to plaintiff, without alleging that he is the owner and holder of the note, since it will be presumed that the payee of a note in possession thereof is the owner"

—citing many authorities, including Bryan v. Bank (Tex. Civ. App.) 174 S. W. 827; Frank v. Brown Hardware Co., 10 Tex. Civ. App. 430, 31 S. W. 64. These cases support the text.

In Rutherford v. Smith, 28 Tex. 322, the Supreme Court held that an allegation that the payee of a note transferred it by indorsement to plaintiff was sufficient to show title in the latter.

Texas Land & Cattle Co. v. Carroll & Iler, 63 Tex. 48, involved the same question, the plaintiffs having failed to specifically allege ownership, but they were the payees named in the instrument. As against a general demurrer, the petition was held good, Justice Stayton saying:

"The instrument being made payable to the appellees, it would not ordinarily be necessary for them to allege that they were the owners of it, and, as the pleadings stood, the court correctly so ruled."

A similar holding was made by this court in German Ins. Co. v. Gibbs (Tex. Civ. App.) 35 S. W. 679, and by the Fort Worth court in House v. Mortgage Co. (Tex. Civ. App.) 38 S. W. 227, citing Cattle Co. v. Carroll, supra.

While there may be expressions in some of the earlier Texas cases to the contrary, we do not think the facts were the same as in the instant case. At all events, we hold, in line with the authorities above cited, that the petition in the original suit was good, as against a general demurrer.

It will be observed that we have treated this question upon the assumption that if the petition of Pochyla was subject to a general demurrer, it would be a void judgment. This because it is the view most favorable to appellant, but we do not decide that such is the correct rule. Of course, if this were an appeal from the original judgment, it would have to be reversed, if the petition did not state a cause of action, but we are by no means satisfied that such is the case, in an action to set aside.

[3] The next question to be considered is the claim that the judgment was void because there was no evidence to support it. Here too we will indulge the assumption that if no evidence was offered the judgment was void, and should be set aside in a direct action, although again declining to so decide.

While appellant's petition alleges a prior indorsement and transfer of title by Pochyla to his mother, Mrs. Johanna Pochyla, and an extension of payment by the latter, the pleading is wholly. lacking in any averment that the judgment was rendered without evidence. This, too, in the face of the express recitals of the judgment. For aught that is here averred, Pochyla might have introduced the note in evidence, or otherwise have established his title and the defendant's liability. It must be presumed, in support of the judgment, in the absence of averments to the contrary, that it was founded upon competent and legal evidence.

[4] But it is urged that the note bore an indorsement and transfer to Mrs. Pochyla. This does not necessarily follow, from the averments, for he might have erased the indorsement. If, as he sufficiently alleged, he was the owner, he had the legal right to do so. But let us suppose that when the note was offered in evidence, it bore the indorsement and transfer alleged. This was not sufficient to show that the title had ever passed out of Pochyla. The transfer may never have been completed by delivery. It was not alleged in Pochyla's petition that he had assigned the instrument.

In 8 Corpus Juris, p. 895, the rule is announced:

"Inasmuch as, where a bill or a note comes again into the possession of the payee or the indorsee who has indorsed it, it will be presumed that there has been a retransfer to him or that the transfer was not completed by delivery, even though the indorsement by him is not stricken out, the general rule is that plaintiff need not allege how he became reinvested with title, or notice his indorsement. However, there are decisions that, if plaintiff shows that he has assigned the instrument, he must also show how the title was reacquired."

In Cattle Co. v. Carroll, 63 Tex. at page 53, it was said:

"If nothing further than the indorsement had appeared, the presumption would be, when the paper was found in the hands of the payees, that the transfer had not been completed by delivery; that it had been returned to them as their own property, or that it had been transferred only for collection, and in such cases the right of the payee, even of a negotiable instrument, to strike out the indorsement is clear. Dugan v. United States, 3 Wheat. 172; Dollfus v. Frosch. 1 Denio. 367; Caldwell v. Evans, 5 Bush, 380; Building Association v. Weber, 34 Md. 669; Beeson v. Lippman, 52 Ala. 276; Pitts v. Keyser, 1 Stewart (Ala.) 154; Best v. Bank, 76 Ill. 609; Daniel on Neg. Inst. 1198."

This holding was expressly approved in Collins v. Bank, 75 Tex. 255, 11 S. W. 1053. In the latter case the plaintiff had pleaded that it was the legal owner and holder of the note. It had been indorsed, but the indorsement had been erased by a stroke of the pen. It was claimed that the indorsements showed that the plaintiff was not the legal owner, and the judgment was without evidence to support it. The court said:

"Plaintiff was the original payee of the note and in possession. The rule is, that when the payee of a note makes a special indorsement of it, and is afterwards found in possession of it, he has the right to strike out his own and other subsequent indorsements and bring suit in his own name. Texas L. & C. Co. v. Carroll, 63 Tex., 52, 53; Dan. on Neg. Inst. § 1198.

"The indorsements on the note were stricken out, as plaintiff had the right to do, being in possession; plaintiff could then sue as the legal owner and holder."

Under these authorities, we think it is clear that it has not been made to appear that the judgment does not rest upon any evidence at all. Of course, the mere insufficiency or inconclusiveness of the evidence could not possibly be held to vitiate the judgment. At most that would be a matter requiring reversal on appeal.

But it may be claimed that in Cattle Co. v. Iler, our Supreme Court held that the judgment could not stand. In addition to the fact that this holding was made on an appeal, regularly had, and not in an action to vacate for invalidity, we must consider what was before the court. It appeared there that the evidence clearly showed a transfer of title by the appellees, before suit, and there was neither pleading nor proof that there had been a retransfer, and title in the plaintiff at the time suit was brought. Here the averment was, in substance, as we have pointed out, that Pochyla was the payee and owner, and no proof offered on the trial, as far as appellant's petition shows, that Pochlya had ever parted with his title. He claimed to own the note, presumably produced it, and the indorsement if it was there, was alone no obstacle to his recovery of judgment. The two cases last cited so hold; and the distinction, on the facts, between this case and Cattle Co. v. Carroll is plain. We conclude that the judgment was not shown to be void, for want of evidence, if, indeed, we should concede such a rule to exist, in the case of a judgment, regularly rendered in a court of competent jurisdiction.

[5] This disposes of the purely legal grounds upon which the former judgment is assailed, and brings us to a consideration of the question whether the petition shows a good case, in equity, to set it aside. The general principles controlling this matter are:

"Lost by Negligence.—Equity will refuse to relieve a party against a judgment which results from his own negligence or carelessness in failing to plead or defend the original action, or otherwise to watch over, protect, and assert his rights in that proceeding, or where he has negligently omitted, having full knowledge of

the facts, to apply in due season for such remedies as were open to him by appeal or writ of error, by motion for a new trial, or by proceedings to vacate the judgment." 23 Cyc. p. 980.

The rule is thus clearly announced in Johnson v. Templeton, 60 Tex. 238:

"This court has on more than one occasion laid down with considerable strictness the rules which should govern the action of the district court in cases where a new trial is sought after the expiration of the term.

"Where the final judgment of a court of competent jurisdiction has been once solemnly pronounced, it ought not to be lightly disturbed. It is alike the interest of individual suitors and of the public at large that there should be at some period an end put to litigation.

"For these, and many other good reasons, though the power of courts of equity to restrain final judgments and to entertain bills for new trial in such cases is well established, it never has at any time been regarded as a favorite one with chancellors.

"Such bills, seeking relief from final judgments, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity 'with extreme jealousy, and the grounds upon which interference will be allowed are, confessedly, narrow and restricted.

"It will not be sufficient to show that injustice has been done by the judgment sought to be enjoined. It must further and distinctly appear that this result was not caused by any inattention or negligence on the part of the person aggrieved, and he must, among other matters, show a clear case of diligence and of merit to obtain the interference of a court of equity in his behalf at such a stage of the case. High on Inj. (2d Ed.) §§ 112, 113; Duncan v. Lyon, 3 Johns. Ch. 356; Brown v. Hurd, 56 Ill. 317."

Similar pronouncements are to be found in Nevins v. McKee, 61 Tex. 413, and Clegg v. Darragh, 63 Tex. 361. See, also, Bailey v. Boydstun (Tex. Civ. App.) 33 S. W. 283; Ins. Co. v. Berry, 33 Tex. Civ. App. 228, 76 S. W. 219; White v. Powell (Tex. Civ. App.) 84 S. W. 838.

Tested by these rules, what is appellant's standing in a court of equity? She asks relief against a solemn judgment, rendered upon legal service, in a court with jurisdiction, in order to urge defenses which she offers no excuse whatever for not having urged on the trial, and without the slightest reason assigned why she did not move for a new trial or appeal from the judgment. Indeed, it is apparent that she knew of every defense she suggests at the time the judgment was rendered. The petition in the original suit fairly apprised her that Pochyla, as payee in the note, was claiming the right to judgment thereon and a foreclosure, that the note was due and unpaid, and was asking also a personal judgment against her. She did not plead coverture; nor that the note

had been transferred and extended by the assignee, nor, indeed, any defense, but wholly made default. She sought no new trial and took no appeal, nor offers any reason for not doing so.

It is true that there are general averments to the effect that the judgment was procured through fraud, that the suit was brought for the fraudulent purpose of acquiring her property and that of her minor child, and the like, but these are the only conclusions of the pleader. They are not averments of facts, and their truth is not admitted by the demurrer. Fleming v. Seeligson, 57 Tex. 531. We have no doubt that a case of fraud has not been alleged. But if there has, it is not shown that the alleged wrongs were perpetrated without fault on appellant's part. On the contrary, it is apparent that she has been guilty of the grossest neglect and failure to pursue her legal remedies. In such circumstances, equity will not intervene.

From the tenor of the petition, it may be gleaned that appellant has been wronged, and one might easily wax eloquent in depicting her wrongs. But it is not enough that injustice has been done. The aid of equity must be sought in accordance with settled principles. The stability and solemnity of judgments must be respected, and their integrity must not be lightly impaired. However much we may be moved by sympathy, we cannot relax the rules by which the interference of equity has been restrained, in cases of this kind, under repeated adjudications. It is better that a hardship shall be endured in this case than that settled principles should be disregarded and set aside. Better that injustice, so to speak, should be endured, than that the uncertain standard of the individual opinions of judges shall prevail, rather than fixed rules of equity. Hence we conclude that the petition did not state a good cause of action, for either legal or equitable relief, and the trial court did not err in sustaining the demurrer and in dismissing the suit.

Affirmed.

JENKINS, J. (dissenting). No one can read the record herein without being impressed with the fact that a great wrong has been done appellant, and that the trial court was unwittingly made the instrument of legal robbery, if the judgment is legal. The facts, as stated in the majority opinion, indicate this. They might be stated much stronger.

This suit is based upon the equitable powers of the court to set aside the judgment obtained, if not by positive fraud at least by concealing the facts well known to the plaintiff, which, if they had been made known to the court, would have defeated his scheme to rob a woman and her minor daughter of their property. Gross v. McClaren, 8 Tex. 343; Ragsdale v. Green, 36 Tex. 195; Mc-

Kean v. Ziller, 9 Tex. 58; Overton v. Blum, 50 Tex. 417; Robbie v. Upson (Tex. Civ. App.) 153 S. W. 407.

It is the province of equity to relieve against hardships which would be inflicted by the law by reason of its rigidity. Is equity so fettered that it cannot prevent a court of justice from becoming a refuge of lies? Is its arm so shortened that it must stand by and see this victim of fraud and chicanery crushed in the toils of the law as was Laocoon in the coils of the serpent? I do not think so. In support of this conclusion, I rely upon the decisions of the highest court in this state. As a basis for such conclusion I assert the following propositions of law:

1. A judgment on a petition bad on general demurrer is fundamentally erroneous. Railway Co. v. Skeeter, 44 Tex. Civ. App. 105, 98 S. W. 1065; Dunlap v. Southerlin, 63 Tex. 42; Hill v. Dons (Tex. Civ. App.) 37 S. W. 639; Irrigation Co. v. Hudson, 98 Tex. 59.

2. A petition is bad on general demurrer which does not allege *every fact necessary* to show that the plaintiff has a good cause of action against the defendant. As applying this general principle to suits on promissory notes, see authorities cited under the next proposition.

3. The facts necessary to allege in a suit on a promissory note are: (a) The execution and delivery of the note by the defendant to the payee; (b) the plaintiff's ownership of the same; (c) nonpayment. Lacking either of these the petition is fatally defective, and will not support a judgment by default. Ross v. Breeding, 13 Tex. 16; Sneed v. Moodie, 24 Tex. 160; Fortune v. Kerr, 25 Tex. Supp. 310; Parr v. Nolen, 28 Tex. 798; Gilder v. McIntyre, 29 Tex. 90; Thigpen v. Mundine, 24 Tex. 282; Unger v. Anderson, 37 Tex. 550; Johnson v. Arlidge (Tex. Sup.) 17 S. W. 28.

4. The necessary facts must be directly averred, and not left to be inferred from other facts alleged. Jennings v. Moss, 4 Tex. 453; Gray v. Osborne, 24 Tex. 158, 76 Am. Dec. 99; Malone v. Craig, 22 Tex. 609; Moody v. Benge, 28 Tex. 547; Colbertson v. Beeson, 30 Tex. 77; Wood v. Evans, 43 Tex. 182.

5. It is fundamental error to render a judgment without evidence to support it. Hardware Co. v. Lumpkin (Tex. Civ. App.) 150 S. W. 1195; Bldg. Ass'n v. Newman (Tex. Civ. App.) 25 S. W. 463; Withers v. Linden (Tex. Civ. App.) 138 S. W. 1119.

6. Testimony not based upon pleading is not evidence, and cannot be considered in support of a judgment. Menard v. Sydnor, 29 Tex. 260; Fisher v. Russell (Tex. Civ. App.) 204 S. W. 143; Mims v. Mitchell, 1 Tex. 448; Denison v. League, 16 Tex. 409; Paul v. Perez, 7 Tex. 345; Benson v. Ashford, 216 S. W. 283.

7. A judgment by default does not waive or admit anything which it was necessary for the plaintiff to plead and prove in order to obtain a judgment. Menard v. Sydnor, supra; Shamburger v. Scheurrer (Tex. Civ. App.) 198 S. W. 1070; Goodlett v. Stamps, 29 Tex. 123; Hall v. Jackson, 3 Tex. 309; Rogers v. Harrison, 1 White & W. Civ. Cas. Ct. App. p. 244, §§ 494, 495.

I quote from the authorities cited in support of the fourth proposition, supra, as follows (italics mine):

"To have shown a right to recover, the plaintiff must have alleged title in himself. * * * This liability can only appear *by averment.*" Jennings v. Moss. "A petition should state the plaintiff's cause of action *by distinct averments, and not leave it to the court to deduce the existence of one fact, from the statement of another.*" Malone v. Craig. "It is unquestionably an elementary principle, that the liability of the defendant to the plaintiff, on the cause of action for which the suit is brought, must be *distinctly averred.*" Colbertson v. Beeson. "These [appropriate averments] *must be of the facts* * * * *and not merely statements of the evidence by which the cause of action, if stated,* might be maintained, or conclusions *derived* from the evidence." Gray v. Osborne. "It is true, we may *infer* from the statements in the petition that he gave it [the note sued on] to Benge & Jewell, that they are the owners of it, but in doing so we would be dispensing with a well-settled rule of pleading, which requires that the *facts* constituting the right of a party to recover, and fixing the liability of his adversary, shall be *averred directly and distinctly* in his pleading, *and not left to be supplied by inference.*" Moody v. Benge.

The excerpts from the decisions cited under the fourth proposition, supra, were not inconsiderate statements upon minor points, but deliberate utterances upon *the issue* involved. Neither of these cases has ever been overruled, limited, or criticized in any other case.

The statement that the material facts must be directly and distinctly alleged might, at first blush, seem to be in conflict with the well-established doctrine that, as against a general demurrer, allegations in a petition will be construed most favorably for the pleader. This idea can arise only by confusing the law as to pleading with the law of evidence. As a matter of evidence, a fact may be inferred from the existence of another fact, as is always the case where the evidence is circumstantial, but in pleading the *fact* relied upon *must be alleged.*

The rule in reference to the construction of a petition as against a general demurrer means only that if the language is ambiguous that construction will be given which will constitute it an allegation of the fact attempted to be alleged, in which apparent attempt the language is not as apt as it might have been. But it will not be construed as containing an allegation of fact,

which under the most favorable construction given to the language used it did not contain, though such fact may be inferred from other facts alleged. Thus in Barnard v. Moseley, 28 Tex. 545, cited in Bryan v. Bank (Tex. Civ. App.) 174 S. W. 828, it was held that the "averment that the defendant, Barnard, *gave* the written instrument to the plaintiff, we believe *equivalent* to averring that he had made, executed, or signed and delivered it to the plaintiff" (italics mine) and not that such fact would be *presumed* from other facts alleged. And so in Rutherford v. Smith, 28 Tex. 322, cited in the majority opinion, it was held that the word "transferred" was sufficient to show that title had passed. This was correct, as will be shown in a subsequent part of this opinion.

Applying these well-established principles to the instant case, how stands it upon the record?

It was necessary to allege that the plaintiff was the owner of the note sued on. There is no decision in this state or elsewhere holding to the contrary. The authorities cited in the majority opinion can be considered as sound only upon the theory that when the payee sues upon a note, and alleges that it was made, executed, and delivered to him, such allegation will be held "equivalent" to alleging that he was the owner of the note when the suit was instituted. There is nothing ambiguous in such language. It cannot under any construction be construed to *mean* that he was such owner at such time, though such fact may be *inferred* reasonably, but not necessarily, from such allegation. The authorities cited do not hold that the allegation that the note was executed and delivered to the payee is the equivalent of an allegation of ownership when the suit was filed, but only that such fact may be *presumed* from such allegation.

The language quoted from C. J., p. 886, is that the payee *need not allege his ownership*, "since it will be *presumed* that the payee of a note in possession thereof is the owner." This is to presume one fact from the existence of another, which is contrary to the elementary principles of pleadings, and against the holding of our Supreme Court in the cases hereinbefore cited and many others that might be cited.

I call attention to the fact that in the instant case the plaintiff did not allege that he was the owner of the note sued on. A phrase may be equivalent to a necessary allegation, when in common parlance it means the same thing. Thus "to give" implies a transfer of ownership, and will be construed to include whatever is necessary to effect that purpose, as the execution and delivery of a promissory note. And so an allegation will be equivalent to what is necessarily implied thereby. Thus, if it should be necessary to allege that the plaintiff was not born in the United States, an allegation that he was born in Germany would be equivalent thereto, as he could not have been born in the United States if he was born in Germany. But an allegation that the note sued on was executed and delivered to the payee at a time prior to filing suit thereon does not necessarily imply that he was the owner thereof when the suit was filed, and is shown by the facts of the instant case, and might be true in any case.

I have examined the original record in Cattle Co. v. Carroll, and find that there was no assignment of error as to overruling the general demurrer, consequently that point could not have been decided in that case. What was said in reference thereto was dicta, and it is apparent that it did not receive any consideration at the hands of the learned judge who wrote that opinion. In this connection, I call attention to the fact that the learned judge who wrote that opinion was Chief Justice of the court which approved the decision in the subsequent case of Johnson v. Arlidge, supra.

Ins. Co. v. Gibbs (Tex. Civ. App.) 35 S. W. 679, was a suit on an insurance policy which is not a negotiable instrument. The case was reversed upon another point. In House v. Mortgage Co., the issue was not as to pleading, but as to evidence. Collins v. Bank, 75 Tex. 255, 11 S. W. 1053, was not on the issue of pleading, but upon the right of the plaintiff, who had alleged that he was the owner and holder of the note, to strike out an indorsement thereon, citing Cattle Co. v. Carroll in support of such right.

Whatever difference of opinion there may be as to the sufficiency of the petition to sustain the judgment by default, it seems clear to me that this case should be reversed for want of evidence to sustain such judgment. Under authority of Johnson v. Arlidge and Cattle Co. v. Carroll, supra, if upon the trial it was made to appear that the plaintiff at a time prior to the trial had parted with title to the note, in order to recover he must have alleged and proved that it had been reconveyed to him at a time prior to the institution of the suit. In the instant case, as in the Cattle Company Case, he did neither. Does the petition in this case show such fact? Clearly so. It shows that the suit was upon a note, which he was required to produce upon the trial. 8 C. J. pp. 950, 958, 1044, 1056, 1059; Davis v. Marshall, 25 Tex. 373; Bond v. Mallow, 17 Tex. 637; Matossy v. Frosh, 9 Tex. 614. The note when produced showed upon the back thereof the following indorsement:

"For value received I hereby sell, transfer and assign to Mrs. Johanna Pochyla the within note, together with the vendor's lien on the property securing the same, and, as indorser, I guarantee the payment of the within note at maturity, or on demand at any time after ma-

turity, waiving protest and notice of nonpayment.    "[Signed] Henry F. Pochyla."

In the majority opinion herein it is said, "he might have erased the indorsement." If the petition herein does not show the contrary, and he had the legal right so to do, we would be required, in support of the judgment, to presume that he did so. I think a fair construction of the petition herein shows that the indorsement was not erased. The allegation in this regard is that the judgment against her is void, "because the note sued on shows on the back thereof that it, together with the vendor's lien securing the payment thereof, was sold to Mrs. Johanna Pochyla for a valuable consideration, and bears the indorsement of H. F. Pochyla," setting out the same as above. It is alleged that such indorsement was made prior to February 28, 1917. The words "shows" and "bears" are in the present tense, and mean that such indorsement was on the note when the petition herein was signed and sworn to, which was long subsequent to the time when judgment was rendered against her.

The reason given in Cattle Co. v. Carroll, supra, for permitting a payee of a note in possession thereof to strike out his indorsement thereon is that such possession raises the presumption, until the contrary is shown, that the payee had never at any time parted with the title to the same. The original record in Cattle Co. v. Carroll shows the indorsement as follows: "Pay to Dodridge & Davis"—and is signed by the payees. Such indorsement is not inconsistent with the presumption that it was made in contemplation of a deal which had not been consummated, or for collection. Dodridge & Davis were bankers. But, when it was shown by the testimony of Dodridge that his firm in fact purchased the note and had reconveyed it to the plaintiffs, striking out such indorsement availed the plaintiffs nothing, though it was shown that they were the owners of the note at the time of the trial.

In the instant case, H. F. Pochyla was not the owner of the note at the time of the trial, and, had he stricken out the indorsement thereon, without the consent of the owner, which he did not allege, and therefore it cannot be presumed, he would have been guilty of forgery. Penal Code, art. 925.

Did the indorsement show that H. F. Pochyla had parted with ownership of the note? If so, this case is on all fours with Cattle Co. v. Carroll. The language in the indorsement, "for value received," "guarantee payment," and, "waiving protest and notice of nonpayment," is consistent with the idea that the indorsement might have been for collection, as is also the further fact of a specific assignment of the vendor's lien.

But the use of the words "sell" and "transfer" leave no doubt that the indorsement was intended to and did pass the legal and equitable title to the indorsee.

"To sell a thing is to part with ownership to the buyer for a compensation." 7 Words and Phrases, 6406. "To transfer imports an act or transaction by which the property of one person is vested in another. This, without the use of some qualifying word, is the legal meaning of the term. Abbott's Dictionary; Bouvier, Dictionary; Webster; Pearre v. Hawkins, 62 Tex. 437." 8 Words and Phrases, 7064.

Thus it appears that the evidence which must necessarily have been produced on the trial conclusively proved that H. F. Pochyla had parted with title to the note prior to the institution of the suit.

But might he not have testified that the note had been reconveyed to him? He must both have alleged and proved such fact. Cattle Co. v. Carroll, 63 Tex. 53. He did not allege such fact. In the absence of such allegation, such testimony, if it had been given, would not constitute evidence in support of the judgment. Menard v. Sydnor, 29 Tex. 257; Tinsley v. Penniman, 83 Tex. 58, 18 S. W. 718; Bank v. Grain Co. (Tex. Civ. App.) 187 S. W. 489; Bank v. Harris (Tex. Civ. App.) 194 S. W. 961; Nalls v. McGrill (Tex. Civ. App.) 184 S. W. 276.

The majority opinion is based upon the proposition that, in order to obtain a new trial as against a judgment by default, it is necessary, not only that the defendant should show a meritorious defense, as was done in the petition herein, but also that the failure to present the same was not the result of negligence on the part of the defendant. This is true where the plaintiff appears to have been entitled to the judgment which he recovered, in the absence of anything appearing upon the record to defeat his cause of action. If there is any extraneous fact which would, if shown, have defeated plaintiff's cause of action, it devolves upon the defendant to allege such fact, and also to show a good excuse for not seasonably presenting the same. Thus payment, homestead coverture, etc., must be pleaded and proved by the defendant where such fact does not appear from the plaintiff's pleadings. But, if it be shown by the plaintiff's pleadings that he is not entitled to the judgment which he recovered, as where he alleges that the defendant is a married woman, and takes a personal judgment against her, or where the note sued on shows credits which were not allowed in assessing the damages (Holland v. Cook, 10 Tex. 244), and there was a judgment by default, the defendant need not, in his motion for a new trial, allege the existence of such facts, and consequently need not show any excuse for not pleading them. In such case, "the question is not whether the defendant would be entitled to equitable relief against the judgment," by reason of some fact which he might have pleaded, but

did not. "But·the question here is whether there was error committed in the rendition of the judgment." Holland v. Cook, supra; McCauley v. Bank (Tex. Civ. App.) 173 S. W. 1001.

The majority opinion seems to draw a distinction between an appeal from a judgment by default, or overruling a motion for a new trial in such case, and the equitable proceeding instituted in the instant case to set aside such judgment. My learned brethren do not seem quite prepared to hold that had this been such an appeal this case should not be reversed. I know of no substantial difference in such proceedings. Both are direct attacks upon the judgment. If the plaintiff alleged a cause of action and sustained the same by proof, where proof is required, the defendant must show that by reason of facts which he failed to plead he has a meritorious defense against plaintiff's alleged cause of action, and must also show a good excuse for not pleading the same as required by law. Or, if, independent of any defense which he might have had, the record shows that the plaintiff was not entitled to judgment, the judgment by default will be set aside when it is so made to appear, whether on statutory appeal, or by appeal to the equitable powers of the court.

In my opinion, this case should be reversed and remanded for the reasons:

(1) The judgment complained of was not justified by the pleadings.

(2) Such judgment was rendered without any legal evidence to support it, and against the undisputed evidence.