## ROBERT A. RUTHERFORD v. JAMES SMITH.

An allegation, in a petition on a promissory note, that the payee, for a valuable consideration, transferred the note to the plaintiff by indorsement, is a sufficient averment of title in the plaintiff to the note. (Paschal's Dig., Art. 1427, Note 537, p. 349.)

A promissory note is not, *prima facie*, usurious because it bears interest from a time anterior to its date, by reason of which the total interest, according to the terms of the note, amounts to more than lawful interest, calculated from the date of the note. (Paschal's Dig., Art. 3942, Note 932.)

If, in point of fact, the reservation of interest, anterior to the date of the note, was a device to cover usury, the defendant must establish that fact by evidence *aliunde;* it will not be heard when the point is for the first time made on error.

ERROR from Travis. The case was tried before Hon. A. W. TERRELL, one of the district judges.

This was a suit brought by defendant in error, James Smith, against plaintiff in error, Robert A. Rutherford, in the District Court of Travis county, for debt on promissory note. The petition, filed January 19, 1861, alleges that defendant, Robert A. Rutherford, "made, executed, and delivered to H. Crocheron his obligation in writing, substantially as follows:

"$1,174 72. On the 1st day of January next, I promise to pay H. Crocheron, or bearer, $1,174 72, with ten per cent. interest thereon from 1st January last till paid, value received. The consideration of this note is land sold by said Crocheron to me. His deed therefor bears even date herewith.                                   R. A. RUTHERFORD.

"BASTROP, *May* 6, 1859."

That said note was, on the day of its execution, transferred by indorsement to your petitioner, for valuable consideration, whereby defendant became liable and bound to pay petitioner the amount of money in said written obligation specified, according to the tenor and effect thereof. After which follow the usual averments of failure to pay

by defendant, and prayer for citation and judgment for "principal debt, interest, cost, &c.

The issuance and service of citation were waived. Judgment by default for $1,414 58, rendered January 19, 1861, the same day the petition was filed.

*Bowers & Walker*, for plaintiff in error.—The counsel for plaintiff in error relies upon the following points and authorities:

I. The allegations in the petition do not disclose a good cause of action in favor of the plaintiff below.

It is an elementary rule, recognized by frequent decisions of this court, that the plaintiff must exhibit a good cause of action by appropriate averments in the petition, as was stated by Justice BELL in Gray v. Osborn, 24 Tex., 158.

And as was said by Justice Wheeler in Jennings v. Moss, 4 Tex., 452, "to show a right of action, the plaintiff must allege title in himself, and some act of the defendant creating a legal liability on his part."

The petition in this cause does not allege title to the note in plaintiff. The averment that the note was, on the day of its execution, transferred by indorsement to plaintiff, is no sufficient averment that it was so indorsed by the payee of the note, or that the plaintiff was at the time of commencing the suit the owner and holder of the note. (Malone v. Craig, 22 Tex., 610: Frazier v. Todd, 4 Tex., 460.)

The allegation of ownership being essential to the cause of action, the omission is not cured by the judgment. The objection goes to the foundation of the action. (Ramsey v. McCauley, 2 Tex., 191; Salinas v. Wright, 11 Tex., 577; Sneed v. Moodie, 2 Tex., 160; Merlin v. Manning, 2 Tex., 351; Thigpen v. Mundine, 24 Tex., 283.)

II. The petition shows that the contract sued on is usurious, and therefore it was error in the court below to render judgment for any portion of the interest.

The note is dated May 6, 1859, payable January 1, 1860, for $1,174 72, with ten per cent. interest thereon from January 1, 1859. The petition asks for judgment for interest, and the judgment is for $1,414 58, showing that interest was computed from the 1st day of January, 1859, to January 19, 1861, the date of rendition of judgment, at ten per cent.

It will be seen that the amount of interest stipulated to be paid for the use of $1,174 72, from the 6th day of May, 1859, the date of the note, until its maturity, January 1, 1860, (seven months and twenty-five days,) amounts to $117 47. The law only authorizes twelve per cent. to be contracted for. Twelve per cent. on $1,174 72, from the 6th of May, 1859, (the date of the note,) until January 1, 1860, when the note became due, seven months and twenty-five days, the period of forbearance, amounts only to $92 02. The interest contracted for on the amount of the debt exceeds the highest rate of interest allowed by law, for the period of forbearance, by $25 45. Hence the contract sued on is usurious to this amount, and the usurious stipulation must necessarily avoid the entire interest, and the court below erred in rendering judgment for any portion of the interest. [Mr. Bowers here quoted the statute of 1840, O. & W. Dig., Art. 1027, p. 242; Story on Con., §§ 594, 595; Pratt v. Adams, 7 Paige, 616.]

This was recognized to be the law by this court in Andrews v. Hoxie, 5 Tex., 171. In that case, however, there was nothing on the face of the note negativing the presumption, that the debt for which the note was given was not contracted at or before the day at which the interest began to run. Every presumption, justified by the terms of the note, was therefore indulged in favor of the legality of the contract. The evidence in the case showed affirmatively that the note was executed in consideration of a debt due at the time the interest commenced.

*Chandler & Turner*, for defendant in error, suggested delay, and cited 5 Texas, 190; 14 Id., 320.; and 22 Id., 609.

WILLIE, J.—The plaintiff in error seeks to reverse the judgment of the court below on the following grounds: 1st, because the petition does not allege title to the note in plaintiff; 2d, because the contract sued on is usurious.

There is nothing in the first ground. The petition alleges that the payee transferred the note by indorsement to defendant in error for a valuable consideration, and this was sufficient to show title in the latter.

Nor can the second objection avail. It is said that the note is usurious, because, bearing date on the 6th of May, 1859, it draws interest from 1st of January, 1859, and the interest thereon at the date of the judgment amounted to more than twelve per cent. per annum. It was settled by this court, in the case of Andrews v. Hoxie, 5 Tex., 190, that a promissory note is not usurious because it bears interest from a time anterior to its date. It is true, that it was shown in that case that the note was executed in consideration of a debt due at the time the interest commenced. If the contrary were true in the present case, the defendant in the court below should have established it by proof. The face of the note does not of itself establish this fact, as contended in argument. (Levy v. Hampton, 1 McCord, 145.) Defendant in error suggests delay, and the judgment must be affirmed with damages.

JUDGMENT AFFIRMED WITH DAMAGES.