## INDIANA & OHIO LIVE STOCK INS. CO. v. SMITH.

(Court of Civil Appeals of Texas. Austin. May 21, 1913.)

1. INSURANCE (§ 633*)—ACTIONS—PETITION—SUFFICIENCY.

A petition, in an action on a policy on the life of a horse, which alleges that plaintiff was the owner of the horse at the time it was insured, that by reason of the policy and the death of the horse defendant became liable to plaintiff to the amount of the policy, that the horse died within the life of the policy, that all the premiums had been paid, that plaintiff furnished proof of loss with demand of payment, and that defendant was indebted to plaintiff in the amount of the policy, sufficiently alleges as against a general demurrer that plaintiff was the owner or had an insurable interest in the horse at the time of its death.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1594; Dec. Dig. § 633.*]

2. PLEADING (§ 34*)—PETITION—DEMURRER.

The court, in passing on a general demurrer to the petition, must consider everything as properly alleged which by reasonable construction is embraced within the allegations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

3. PLEADING (§ 212*)—PETITION—DEMURRER—WAIVER.

Where the demurrer to the petition was not presented to or acted on by the court, it must be deemed waived.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 521–524; Dec. Dig. § 212.*]

4. PLEADING (§ 433*) — DEFECTS — AIDER BY VERDICT.

A verdict for plaintiff cures all defects in the petition except a failure to state a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1451–1477; Dec. Dig. § 433.*]

5. INSURANCE (§ 281*)—MISREPRESENTATIONS—"MATERIAL TO RISK."

The term "material to risk," in Rev. Civ. St. 1911, art. 4947, providing that false statements in an application for insurance shall not constitute a defense, unless the matter misrepresented was material to the risk, or actually contributed to the contingency on which the policy became due, means the making of some misrepresentation of fact which induced the insurance company to assume the risk, and where one procuring a policy on the life of his horse made misrepresentations as to the value of the horse and the consideration paid therefor and whether it was mortgaged, and the misrepresentations induced the insurance company to issue the policy, the misrepresentations were material and defeated a recovery on the policy stipulating that misrepresentations by insured should invalidate the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 597–600; Dec. Dig. § 281.*]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by David P. Smith against the Indiana & Ohio Live Stock Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Robt. M. Lyles, of Austin, Geo. T. Moore, of Houston, and Lightfoot, Brady & Robertson, of Austin, for appellant. Henderson, Kidd & Gillis, of Cameron, for appellee.

RICE, J. Appellee on the 28th of June, 1910, was the owner of an imported German coach stallion, called Rigi, and took out a policy of insurance upon his life for a period of 12 months from said date in appellant company for the sum of $1,200, paying the required premium therefor. On the 4th of August next thereafter said horse died. Proof of loss having been made in accordance with the provisions of said policy, and appellant refusing to pay the same, this suit was brought to enforce collection thereon. Appellant pleaded in defense of said action that appellee, in his written application for said insurance, falsely and fraudulently represented the value of said horse to be $3,000, and that he had paid $3,000 therefor, and that there was no mortgage upon said horse; whereas, in truth and in fact, said horse was not worth the sum of $3,000, and that appellee had not paid said sum therefor, but that he had only paid $1,260 therefor, $1,000 of which was in cash and the balance in a promissory note, and said horse was at the time of such application for insurance mortgaged, together with other property, for the sum of $2,500. Said policy, among other things, provided that it should be void "in the event the insured has concealed or misrepresented (in writing or otherwise) any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured be other than the unconditional and sole ownership of the property, or in case of any fraud or false swearing by the insured, touching any matter relating to this insurance, or the subject thereof, whether before or after any loss." The evidence sustains this defense. There was a nonjury trial resulting in behalf of appellee in the sum of $800, together with $120 attorney's fees and 12 per cent. damages thereon, with 6 per cent. interest from date thereof, from which this appeal is prosecuted.

[1] The first assignment of error assails the sufficiency of the petition in that it is not alleged therein, either by direct averment or by reasonable intendment or by implication, that appellee was the owner of or had any insurable or other interest in said stallion described in said policy of insurance at the time of his death. We think the petition would have been good as against a general demurrer, because plaintiff alleged that he was the owner of the stallion at the time it was insured; that, by reason of the execution of the policy and the death of the stallion, defendant became liable to plaintiff in the sum of $1,200 thereon. It alleged his death within the life of the policy, and that all premiums due thereon had been paid at that time; that plaintiff had furnished defendant proof of loss, with notice and demand of payment. It further alleged that defendant is now justly indebted to plaintiff in the sum of $1,200; that he was compelled

to employ attorneys to bring suit thereon, and by reason of the company's failure and refusal to pay said amount defendant is liable under the law in said sum, with interest, attorney's fees, etc.

In the case of German Insurance Co. v. Gibbs, 35 S. W. 679, it was held that, where the petition alleged that the policy was issued to the plaintiff, it was equivalent to an allegation that he was the owner, as against a general demurrer. In Rutherford v. Smith, 28 Tex. 322, it was held that an allegation in the petition, in a suit on a promissory note, that the payee, for a valuable consideration, had transferred same to plaintiff by indorsement, was a sufficient averment of title in plaintiff.

[2, 3] In passing upon a petition tested by a general demurrer, the court should consider everything as properly alleged which by reasonable construction is embraced within the allegations contained therein. See Gibbens v. Bourland, 145 S. W. 275, and cases there cited. But, since the demurrer was not presented to or acted upon by the court, it must be regarded as waived.

[4] This being true, an entirely different question is presented from that in which a demurrer was presented and overruled; because the verdict in such cases will cure all defects in the petition, except a failure to state a cause of action. See Grant v. Whittlesey, 42 Tex. 320; Schuster v. Frendenthal & Co., 74 Tex. 53, 11 S. W. 1051. Believing the petition sufficient, in the state of the record, we overrule this assignment.

[5] The next question presented for consideration is raised by appellant's third assignment, which, in effect, contends that notwithstanding the court found, as a question of fact, that the appellee made untrue statements in his application for insurance with reference to the amount paid for said animal and its value, as well as untrue statements with reference to the same having been mortgaged at the time the policy was issued, yet he found that neither the value of said stallion, the price paid therefor, the manner of payment, nor the mortgage thereon, nor any matter or thing concerning which said untrue statements in said application were made, was material to the risk assumed by the defendant in issuing said insurance policy, or contributed to the contingency or event on which said policy became due and payable. It is contended on the part of appellee that under said findings these misrepresentations will not avoid the policy under our statute. The article referred to reads: "Any provision in any contract or policy of insurance issued or contracted for in this state, which provides that the answers or statements made in the application for such contract, or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case." See article 4947, R. S. 1911.

In this connection, however, it must be observed that the uncontradicted evidence shows that the misstatements with reference to the mortgage, the value of the animal, and the amount paid by appellee therefor were material to the risk; not only so, but it appeared that the policy itself would not have been written if the company had known that such untrue statements were made by appellee in said application. We think any fact which induced the company to assume the risk, and without which it would not have done so, must be regarded as material thereto. The expression "material to the risk" is not equivalent to "increasing the risk," but necessarily means the making of some representation or misstatement of some fact which induces or causes the insurance company to assume the risk; and if, as in the present case, it be shown that there were misrepresentations of fact, and these facts not only induced appellant to write the contract, but also shows that it wholly relied upon the truth of these statements in entering into said contract, and that they were material inducements thereto, the same must be regarded as being embraced within and covered by said statute.

In Boggs v. American Ins. Co., 30 Mo. 63, it is said: "'A material fact,' as that term is used in the law of insurance, is defined by Mr. Angell to be a fact 'which if communicated to the underwriter would induce him either to decline an insurance altogether, or not to accept it unless at a higher premium.'" It is likewise said in Clark v. Union Mutual Fire Ins. Co., 40 N. H. 333, 77 Am. Dec. 721: A material fact is any fact, "the knowledge or ignorance of which would naturally influence an insurer in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of insurance."

The record disclosing, as it does, that the representations made on the part of appellee to secure the insurance were untrue and material to the risk, it vitiates said policy of insurance, for which reason appellee was not entitled to recover. It therefore becomes our duty to reverse and render the judgment in favor of appellant, which is accordingly done.

Reversed and rendered.