## CARROLL v. GREEN.   (No. 813–4476.)

(Commission of Appeals of Texas, Section A. June 16, 1926.)

1. Usury ⟨⟩43—Note, bearing interest from date anterior to its date, is not usurious on its face; validity of note being assumed.

Note, bearing interest from date anterior to date of note, is not usurious on its face, since validity of note is presumed, and, in absence of evidence to contrary, circumstances extending execution of note are assumed to justify its form.

2. Bills and notes ⟨⟩540.

Where maker paid $270.25 on note for $650, bearing 10 per cent. interest, payable monthly as it accrued, judgment of $530, rendered more than four years after interest began to accrue, does not require maker to pay interest in excess of rate specified in note.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by W. M. Green against Joe Carroll. Judgment for plaintiff was affirmed by the Court of Civil Appeals (272 S. W. 1118), and defendant brings error. Affirmed.

Miller & Miller, of Athens, for plaintiff in error.

W. J. Garrett, of Athens, for defendant in error.

HARVEY, P. J. This is a suit brought by W. M. Green, the defendant in error, against Joe Carroll, the plaintiff in error, upon a certain promissory note bearing date December 30, 1919, executed by Carroll to one Thos. M. Matthews, Jr., for the principal sum of $650. Said note was executed for part of the purchase money of certain real estate conveyed by Matthews to Carroll by deed bearing date even with said note, and the vendor's lien is reserved in the note and said deed to secure the payment of the note. The note, according to its terms, is payable in monthly installments of $10 each, beginning January 1, 1920. Said note provides for the payment of interest thereon from December 1, 1919, at the rate of 10 per cent. per annum, payable monthly as it accrues. There is nothing in the record tending to explain such provision for accrual of interest prior to the date of the note, or to show that same was a subterfuge or device to collect usurious interest. After the execution of the note, Carroll proceeded to make payments thereon in small installments of varying amounts, and without regularity as to time of such installment payments, for a period extending over about three years. Upon the trial of the case in the trial court, the jury found, in answer to a special issue on the subject, that Carroll had made payments on the note in the aggregate amount of $270.25. Judgment was rendered on February 19, 1924, in favor of Green for the sum of $530, as the unpaid balance of the principal and interest of said note, with foreclosure of the vendor's lien. From such judgment the plaintiff in error, Carroll, appealed to the Court of Civil Appeals, which court affirmed the judgment of the trial court. 272 S. W. 1118. The case is now before us on writ of error sued out by Carroll, the plaintiff in error, who complains that the note is usurious and that he was required to pay usurious interest thereon.

[1] The fact that the note sued on bears interest from a date anterior to the date of the note does not render the contract usurious upon its face; for in such case the validity of the contract is presumed, and, in the absence of evidence to the contrary, it will be assumed that the circumstances attending the execution of the contract justify its form. Rutherford v. Smith, 28 Tex. 322; 39 Cyc. 956.

[2] By the jury's verdict, of which no complaint is made, the sum of $270.25 is found to have been paid upon the note by the plaintiff in error. The judgment is for the sum of $530, and was rendered more than four years after interest began to accrue on the note. In this situation we cannot say that the defendant in error has collected interest, or has been allowed recovery of interest, in excess of the rate specified in the note.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.