## FIRST TEXAS PRUDENTIAL INS. CO. v. PIPES.

### No. 2743.

Court of Civil Appeals of Texas. El Paso.

Dec. 9, 1932.

Rehearing Denied Jan. 5, 1933.

Turney, Burges, Culwell & Pollard and J. F. Hulse, all of El Paso, for appellant.

Sydney Smith and John Penn, both of El Paso, for appellee.

WALTHALL, J.

Appellee brought this suit in the justice of the peace court against appellant to recover on a life insurance policy issued by appellant to Ludie L. Pipes, in the sum of $132, in which

policy appellee, husband of the insured, was named beneficiary. The insured died after the policy was issued and before the filing of the suit. On the trial in the justice of the peace court appellee recovered judgment for the face value of the policy, penalties, interest, attorney's fees; the total recovery being the sum of $173.50. From that judgment appellant duly prosecuted an appeal to the El Paso county court at law, where a trial de novo was had without a jury, resulting in a judgment for appellee, and from which judgment appellant prosecutes an appeal to this court.

### Opinion.

The application for the insurance policy contained the question: "Has life proposed ever suffered from consumption?" The question was answered: "No." Appellant submits that said answer was false; that the application was signed by appellee and without the knowledge of the insured; that the uncontroverted evidence shows that if the application for the policy had reflected that the assured had had incipient tuberculosis, though arrested, said application would have been rejected, and that under the evidence the court should have found that said representation was material to the risk as well as false, and, so finding, rendered judgment for appellant.

The policy in question shows that it was a policy issued upon what is known as an industrial application, certain questions asked the applicant, and no physical examination made.

Dr. T. C. Liddell testified: Knew Mrs. Ludie L. Pipes in her lifetime; attended her in a professional capacity. In 1929 she had a very mild type of tuberculosis. It can be completely arrested, apparently cured; it is spoken of as an arrested condition. Mrs. Pipes, Mr. and Mrs. Hafley came to witness' office at the time witness examined Mrs. Pipes. Witness was at Mrs. Pipes' home when she died. The cause of her death was coronary thrombosis. "That is not a condition either caused or aggravated by tuberculosis; it is a clogging, stopping up of one of the blood vessels, usually the left, that supplies the heart with blood, the upper part of the heart, the coronary." That is a disease from which some people die instantly and others may be several hours. Mrs. Pipes died within a few hours.

Without quoting the evidence, it is to the effect that Mrs. Pipes had had her tonsils removed prior to 1928, and in 1929 was physically in a run-down condition and at the instance of Mr. and Mrs. Hafley was examined by Dr. Liddell, who took X-ray pictures, and gave her a tonic. Dr. Liddell said that at that time he discovered Mrs. Pipes had a very mild type of arrested tuberculosis; that it would be a comparatively remote possibility of it becoming active again.

Witness Hafley, a brother of Mrs. Pipes, and her husband, John Stone Pipes, testified in substance that they had never known of Mrs. Pipes having tuberculosis.

The evidence is sufficient to sustain the court's findings that the disease of which Mrs. Pipes died was in no manner connected with tuberculosis, or resulted from or grew out of it, and that Mrs. Pipes nor her husband, John Stone Pipes, knew that Mrs. Pipes had, or ever had had, any symptom of tuberculosis. The evidence shows affirmatively that Pipes did not know it. The court found, and we think upon sufficient evidence, that Dr. Liddell did not inform either Mr. or Mrs. Pipes that Mrs. Pipes had an arrested case of tuberculosis.

We cannot conceive how Pipes could conceal or withhold information as to Mrs. Pipes' health he did not have, or that his answer, no, to the question, "has Mrs. Pipes ever suffered from consumption?" be a misrepresentation or false or fraudulent statement of a fact if he did not know otherwise and had no reason to believe otherwise. To be a defense to the suit it must be made to appear that the matter or thing involved in the question was misrepresented and that such misrepresentation was material to the risk or actually contributed to the contingency or event on which the policy became due and payable, and that whether it was material and so contributed was a question of fact to be determined by the court trying the case. If, as the undisputed evidence shows, Mrs. Pipes' death was in no manner caused or aggravated by tuberculosis, the representation made by Pipes that Mrs. Pipes had not suffered with consumption would seem to be a representation of an immaterial fact and which did not affect the risks assumed.

The application for the policy was not signed by Mrs. Pipes, but was signed by Pipes, the beneficiary, who answered the questions on the application blanks.

The policy provides that the policy is void and of no effect in the event the application for the insurance was not signed by the insured.

Defendant insurance company submits that the insured not having signed the application for the policy and not having answered the questions in the application for insurance, judgment should have been for defendant.

The evidence shows and the court found that G. R. Terrell was defendant's local soliciting agent in El Paso; that said agent solicited said insurance of Pipes at Pipes' place of business, and that Pipes, at the insistence of the agent, signed said application as filled out by the agent; that Pipes signed his wife's name to the application in the presence of said agent who witnessed his signature.

Article 5056 of the Revised Civil Statutes of this state, under the facts stated, makes said agent the agent of the defendant company for which the act is done or the risk is taken, as far as relates to all the liabilities, duties, requirements, and penalties set forth in that chapter on general provisions under the title insurance. Article 5063 provides that such agent shall not have the power to waive, change, or alter any of the terms or conditions of the application or policy.

Appellant sought to avoid liability on the policy, under article 5044, R. C. S., by reason of the above-alleged misrepresentations, and gave notice to appellee of its refusal to be bound by said policy for the reason that said application for the policy contains said misrepresentations which appellant asserts in said notice to be material to the risk. By express provision of said article of the statute, such defense is available in the event only that such misrepresentation is material to the risk. The representation made by Pipes as above not being as to a matter material to the risk, the court was not in error in not entering judgment for appellant on the ground stated.

■ In the county court, as in the justice court, appellee sued to recover a reasonable attorney fee. In the justice court appellee recovered judgment for the amount of $132, the face of the policy, 66 cents accrued interest, $15.84 penalties, and sued for $50 and recovered $25 attorney's fee, making the aggregate amount of the recovery $173.50, from which judgment an appeal was prosecuted to the county court at law.

In the county court at law appellee sued for the $132, the face of the policy, $15.84 penalties, legal interest on above two items, and $100 as a reasonable attorney fee, and on the attorney fee item recovered the sum of $60, making the aggregate amount of recovery sought in the county court at law the sum of $247.84.

Appellant submits that appellee's cause of action in the justice of the peace court, for which he asked judgment being for $197.84, together with interest, and judgment having been rendered for $173.50, on said items, from which an appeal was prosecuted to the county court at law, appellee's cause of action pleaded in the county court at law on appeal for $132, the face of the policy, $15.84 penalties, $100 attorney fee, and interest, took said cause of action as pleaded by appellee out of the jurisdiction of the county court at law on appeal.

If the county court at law had no jurisdiction, it was by reason of the amount of the attorney's fees. Chapter 91 of the Acts of the Forty-Second Legislature, Regular Session (Vernon's Ann. Civ. St. art. 4736), provides that in all cases where a loss occurs and a life insurance company shall fail to pay the same within the time stated, after demand, such company shall be liable for the amount of the loss, penalties, "together with reasonable attorney fees, for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case." The judgment provided that the appellee recover the sum of $60, as attorney's fees, and that same be taxed as costs and the costs be charged against the appellant. We think that in a suit on a life insurance policy where a loss occurs, a sum sued for as reasonable attorney's fees, being taxed as a part of the costs in the case, would not have the effect to increase the amount of the cause of action and thus deprive the county court at law of jurisdiction. This holding is limited to cases arising under the above act. The cases referred to by appellant in its brief on this point arose prior to the act above referred to and we think are not in point.

Finding no reversible error, the case is affirmed.