James D. ROBINSON, Appellant,

v.

The RELIABLE LIFE INSURANCE COMPANY, Appellee.

No. 19245.

Court of Civil Appeals of Texas, Dallas.

June 23, 1977.

Rehearing Denied Aug. 11, 1977.

232

Roger Turner, Dallas, for appellant.

William A. Forteith, Elliott, Churchill, Hansen & Dyess, Dallas, for appellee.

GUITTARD, Chief Justice.

The question on this appeal is whether an insurer, in order to avoid liability on a policy of life insurance on the ground of false representations in the application for insurance, must establish both that the representation was material to the risk and that the condition concerning which the representation was made contributed to the death of the insured. We hold that under Texas Insurance Code Annotated article 21.16 (Vernon 1963), a finding that the misrepresentation was material to the risk is ground for avoiding the policy without proof that the condition misrepresented contributed to the event which caused the loss.

This suit was filed by the beneficiary for the amount payable on the death of the insured, his fourteen-year-old stepson. The insurer denied liability and counterclaimed for cancellation of the policy on the ground of false representations in the application. After trial without a jury, the trial court denied liability and filed findings of fact to the effect that the application contained negative answers to questions inquiring whether the insured had been treated by a doctor within the past five years, whether the insured had any injury, illness or operation in the past five years, and whether the insured had ever been confined to a hospital or sanitorium. The court found that each of these statements was false, that each was material to the risk assumed by the insurer, that each was relied on by the insurer in issuing the policy, that the policy would not have been issued but for such statements, and that the insurer did not discover the true facts until shortly after the death of the insured. There is no evidence in the record concerning the cause of death, and the court made no finding on that question.

On this appeal the beneficiary contends that the court erred in finding that the alleged misrepresentations were material to the risk because there was no evidence as to the cause of death. The question turns on the construction of a statute, originally enacted in 1903, and now appearing as Texas Insurance Code Annotated article 21.16, as follows:

Any provision in any contract or policy of insurance issued or contracted for in this State which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented *was material to the risk or actually contributed to the contingency or event on which said policy became due and payable,* and

whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case. [Emphasis added.]

The beneficiary contends that the word "or" above emphasized should be read as "and," so that the condition misrepresented in the application cannot be considered as grounds for avoidance of the policy unless such condition was actually a cause of the loss insured against. This intent, he argues, is shown by the further provision that "whether it was material and so contributed in any case shall be a question of fact."

The statute has not been expressly so construed in any of the cases cited by the beneficiary, although several seem to adopt this construction by implication. Thus, a number of opinions appear to be based on the view that a representation is not "material to the risk" unless the condition concealed by the misrepresentation was the cause of the loss. *Southern Life & Health Ins. Co. v. Grafton*, 414 S.W.2d 214, 218 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r. e.); *Trinity Reserve Life Ins. Co. v. Hicks*, 297 S.W.2d 345 (Tex.Civ.App.—Dallas 1956, no writ); *National Life & Acc. Ins. Co. v. Dickinson*, 115 S.W.2d 1180, 1183 (Tex.Civ. App.—El Paso 1938, writ dism'd); *First Texas Prudential Ins. Co. v. Pipes*, 56 S.W.2d 203, 204 (Tex.Civ.App.—El Paso 1933, writ dism'd).

We do not consider that these decisions are sound insofar as they seem to hold that a condition existing at the time of the issuance of the policy is not material to the risk unless it actually contributes to the loss. The concept of a condition material to the risk assumed by the insurer is quite distinct from the cause of the loss, as the better reasoned cases in Texas and elsewhere have recognized. Thus, there is a well-defined line of cases supporting the insurer's contention that under article 21.16 the materiality of the risk must be viewed as of the time of the issuance of the policy, rather than at the time the loss occurred, and that the principal inquiry in determining materiality is whether the insurer would have accepted the risk if the true facts had been disclosed.

The only expression by the supreme court on the point is *Fidelity Union Fire Insurance Company v. Pruitt*, 23 S.W.2d 681, 683–84 (Tex.Comm'n App.1930, holding approved), which involved breach of a stipulation of continued occupancy in a fire insurance policy. The commission of appeals, in remanding for a new trial, observed that if the statute in question (now article 21.16) should be applicable, and if at the time the policy was issued a disclosure that the building would remain vacant would have influenced the company in taking the risk, the stipulation that it was insured "while occupied by the owner" was material to the risk.

Other Texas cases supporting the view that materiality of the risk must be viewed at the time of the application for insurance are *Jackson v. National Life and Accident Insurance Co.*, 161 S.W.2d 536, 537–38 (Tex. Civ.App.—Dallas 1942, writ ref'd w.o.m.) (representation that insured had not been injured and had not consulted a physician was material to the risk, since insurer's knowledge of these facts would influence it in making the contract, and the immediate cause of the death was not regarded as material); *Aetna Life Insurance Co. v. Shipley*, 134 S.W.2d 342, 347 (Tex.Civ.App. —Fort Worth 1939, writ dism'd) (charge erroneously defined "good health" as absence of disease that affects general healthfulness "or which materially contributes to the death of a person" was erroneous since a disease could be said to materially increase the risk and the facts concerning such disease were withheld by the insurer); *Indiana and Ohio Live Stock Ins. Co. v. Smith*, 157 S.W. 755, 756 (Tex.Civ.App.— Austin 1913, writ ref'd) (misrepresentation concerning amount paid for insured horse was "material to the risk" since facts showed representation induced insurer to write the policy); *United Benevolent Ass'n v. Baker*, 141 S.W. 541, 544 (Tex.Civ.App.— Texarkana 1911, writ dism'd) (misrepresentation concerning syphilis was "material to the risk," though insured died of a different disease).

The United States Court of Appeals for the Fifth Circuit has adopted the same view in cases involving article 21.16. *Bettes v. Stonewall Ins. Co.*, 480 F.2d 92, 95 (5th Cir. 1973); *Fireman's Fund Ins. Co. v. Wilburn Boat Co.*, 300 F.2d 631, 643–44 (5th Cir. 1962), *cert. den.* 370 U.S. 925, 82 S.Ct. 1562, 8 L.Ed.2d 505. These cases directly address the question now raised by appellee and expressly hold that the "or" in the statute is disjunctive rather than conjunctive. In *Wilburn Boat*, the court points out that the contrary construction would leave the requirement of materiality without meaning because any fact contributing to the loss would necessarily be material to the risk. It would not be true, however, that a factor material to the risk would also necessarily contribute to the loss.

The beneficiary argues that the requirement of materiality has an independent meaning applicable to cases where the insurer seeks to cancel the policy before the loss on the ground of false representations in the application. This argument, in our view, is untenable because it would mean that the "or" would be construed as either disjunctive or conjunctive, depending on whether a loss had occurred at the time of the trial. Thus false representations, which would be sufficient grounds for cancellation of the policy before the loss, would not be sufficient after the loss, even though the insurer did not discover their falsity until after the loss. We find no basis for this interpretation in the language of the statute. Moreover, the cases cited by the beneficiary do not actually hold that the two requirements are conjunctive, but rather seem to confuse the two requirements by assuming, without full consideration, that a representation is not material to the risk if it does not contribute to the loss. The better view, in our opinion, is that adopted by the federal courts and also the Texas courts in the cases cited by the insurer, which hold that materiality is viewed as of the time of the issuance of the policy, as that issue is viewed generally in the law of fraud, and if the representation concerned a matter which was material to the risk at that time, and did actually induce the insurer to issue the policy, as the trial court here found, it is ground for avoidance of the policy without proof that the condition misrepresented actually caused the loss.

■ The beneficiary also contends that the alleged false representations in the application provide no ground for cancellation of the policy in view of the court's finding that the signature of the insured on the application was a forgery. This contention is untenable because the evidence showed that the beneficiary rather than his fourteen-year-old stepson dealt with the agent of the insurer, paid the premiums, accepted delivery of the policy, and after the policy was delivered to him, he read the application and knew what it contained. Under these circumstances the beneficiary must be held to have ratified any false statements in the application. *Odom v. Ins. Co. of State of Pennsylvania*, 455 S.W.2d 195, 199 (Tex.1970).

■ In a supplemental brief appellant raises two additional points attacking for lack of pleadings and evidence the court's finding that the beneficiary was guilty of fraudulent representations. Although appellee pleaded fraud on the part of the insured rather than the beneficiary, the evidence showed that the beneficiary rather than the insured dealt with the insurer's agent and that the policy was delivered to him. There was also evidence that the beneficiary inspected the policy and knew that the questions in the application concerning the previous illness, treatment, and hospitalization of the insured had been answered "no." Although the beneficiary denied that he knew about any such illness treatment, or hospitalization, he testified positively that if any such illness, treatment, or hospitalization had occurred, he would have known about it. All of this evidence was admitted without any objection for lack of pleading. Consequently, we hold that this defect in pleading was waived and that the issue of false representations by the beneficiary was tried by implied consent. Texas Rules of Civil Procedure 90; *Bednarz v. State*, 142 Tex. 138, 176 S.W.2d 562, 562–563

(1943); *Ames v. Putz*, 495 S.W.2d 581, 582 (Tex.Civ.App.—Eastland 1973, writ ref'd).

■ With respect to the sufficiency of the evidence to support the court's findings that the representations by the beneficiary were fraudulent, the court apparently took the view that since there was direct evidence from the deposition of the treating physician of the insured's illness, treatment, and hospitalization, and since the beneficiary testified that he would have known about it if it had occurred, the beneficiary did know notwithstanding his testimony that he did not. We hold that this evidence is sufficient to support the court's finding in this respect.

Affirmed.