James D. ROBINSON, Petitioner,

v.

The RELIABLE LIFE INSURANCE
COMPANY, Respondent.

No. B–7059.

Supreme Court of Texas.

March 8, 1978.

Roger Turner, Dallas, for petitioner.

Elliott, Churchill, Hansen, Dyess & Maxfield, Gary W. Maxfield and William A. Forteith, Dallas, for respondent.

BARROW, Justice.

The question on this appeal is whether an insurer, in order to avoid liability on a policy of life insurance on the ground of false representations in the application for insurance, must establish both that the misrepresentation was material to the risk undertaken by the insurer *and* that the condition about which the misrepresentation was made contributed to the death of the insured. The court of civil appeals held that under Texas Insurance Code article 21.16 a finding that the misrepresentation was material to the risk is sufficient ground for avoiding the policy without proof that the condition misrepresented contributed to the event which caused the loss. 554 S.W.2d 231. We agree with this construction and affirm the judgments of the lower courts.

This suit was filed by the beneficiary to recover the sum of $2,000.00 payable on the death of his natural son. The insurer denied liability and counterclaimed for cancellation of the policy on the ground of false representations in the application for the policy.[1] The trial court, after a non-jury trial, denied liability and filed findings of fact to the effect that the application con-

---

1. The policy was only in effect about seven months and therefore had not become incontestable. *See* article 21.35, Texas Insurance Code.

tained negative answers to questions inquiring whether the insured had been treated by a doctor within the past five years, whether the insured had any injury, illness or operation in the past five years, and whether the insured had ever been confined to a hospital or sanitorium. The trial court found that each of these statements was false, that each was material to the risk assumed by the insurer, that each was relied on by the insurer in issuing the policy, that the policy would not have been issued but for such statements, and that the insurer did not discover the true facts until shortly after the death of the insured. No complaint has been made of these findings. They were based on evidence that the insured had been afflicted with sickle cell anemia for several years prior to his death. He was under treatment by a doctor and hospitalized for about two weeks for intestinal hemorrhaging and sickle cell anemia less than two years before the application was submitted to the insurer. The only evidence as to the cause of death of the insured is the following statement in the death certificate: "There were no marks on body that indicate violence, apparently died from natural causes." The uncontroverted evidence is that a prudent insurer would not have issued a policy on the life of a young boy afflicted with sickle cell anemia.

Petitioner urges that in order to set aside a life insurance policy because of a misrepresentation in the application, the insurer must show that the misrepresented fact actually contributed to the insured's death. The question turns on the construction of a statute, originally enacted in 1903 and now appearing as Texas Insurance Code article 21.16, which provides:

Any provision in any contract or policy of insurance issued or contracted for in this State which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk *or* actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case. (Emphasis added)

Petitioner contends that the word "or" emphasized above should be read as "and" so that the condition misrepresented in the application cannot be considered as grounds for avoidance of the policy unless the condition was actually a cause of the loss insured against. Such a construction has been adopted by implication in several cases although no case has directly so held. *See Southern Life and Health Ins. Co. v. Grafton*, 414 S.W.2d 214, (Tex.Civ.App.—Tyler 1967, writ ref'd n. r. e.); *Trinity Reserve Life Ins. Co. v. Hicks*, 297 S.W.2d 345 (Tex. Civ.App.—Dallas 1956, no writ); *National Life and Accident Ins. Co. v. Dickinson*, 115 S.W.2d 1180 (Tex.Civ.App.—El Paso 1938, writ dism'd); *First Texas Prudential Ins. Co. v. Pipes*, 56 S.W.2d 203 (Tex.Civ.App.— El Paso 1933, writ dism'd).[2]

On the other hand, there is a line of cases supporting the respondent's contention that under Article 21.16 the materiality of the risk must be viewed as of the time of the issuance of the policy, rather than at the time the loss occurred, and that the principal inquiry in determining materiality is whether the insurer would have accepted the risk if the true facts had been disclosed. These cases recognize the concept that a condition material to the risk assumed by the insurer is quite distinct from the cause of the loss. *See Fidelity Union Fire Insurance Co. v. Pruitt*, 23 S.W.2d 681 (Tex.Com. App.—1930, holding approved); *Jackson v. National Life and Accident Ins. Co.*, 161 S.W.2d 536 (Tex.Civ.App.—Dallas 1942,

**2.** None of these cases actually held that the two requirements are conjunctive, but rather seem to confuse the two requirements by assuming that a representation is not material to the risk if it does not contribute to the loss.

writ ref'd w. o. m.); *Aetna Life Ins. Co. v. Shipley,* 134 S.W.2d 342 (Tex.Civ.App.—Fort Worth 1939, writ dism'd); *Indiana and Ohio Live Stock Ins. Co. v. Smith,* 157 S.W. 755 (Tex.Civ.App.—Austin 1913, writ ref'd); *United Benevolent Ass'n v. Baker,* 141 S.W. 541 (Tex.Civ.App.—Texarkana 1911, writ dism'd). *See also* Note, *Insurance: Fraud Necessary to Avoid Life Insurance Policy,* 11 Baylor L.Rev. 236 (1959); 7 Couch on Insurance § 35:45–47 (2d ed.); 12 Appleman, *Insurance Law and Practice* § 7294 (1943 & Supp.1977).

The United States Court of Appeals for the Fifth Circuit has adopted the same construction in cases involving Article 21.16. *See Bettes v. Stonewall Ins. Co.,* 480 F.2d 92 (5 Cir. 1973); *Fireman's Fund Insurance Co. v. Wilburn Boat Co.,* 300 F.2d 631 (5 Cir. 1962) cert. denied, 370 U.S. 925, 82 S.Ct. 1562, 8 L.Ed.2d 505 (1962). These cases directly address the question raised by petitioner and expressly hold that the "or" in the statute is disjunctive rather than conjunctive. In *Wilburn Boat Co.,* the court points out that a contrary construction would leave the requirement of materiality without meaning because any fact contributing to the loss would necessarily be material to the risk. It would not be true, however, that a fact material to the risk would also necessarily contribute to the loss.

■ Petitioner urges that the word "or" is frequently misused and that we should substitute the word "and" for "or" in this statute. While there may be circumstances which call for such a construction, ordinarily the words "and" and "or" are not interchangeable. In *Board of Insurance Comm. v. Guardian Life Ins. Co.,* 142 Tex. 630, 180 S.W.2d 906 (1944), this Court adopted the following language from 3 C.J.S. *And* 1068 (now 3A C.J.S. 452–453) in stating the rule for interpreting "and" to mean "or":

> This construction . . . is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake.

*See also Bayou Pipeline Corp. v. Railroad Commission of Texas, et al.,* 568 S.W.2d 122 (Tex.1978).

Petitioner has not demonstrated that substituting "and" for "or" in the statute is necessary to effectuate the Legislature's intent or to prevent an ambiguity, absurdity, or mistake. To the contrary, as pointed out by the court in *Wilburn Boat Co.* such a construction would actually do violence to the statute by rendering part of it meaningless.

We hold that under Article 21.16 the materiality to the risk must be viewed as of the time of the issuance of the policy, rather than at the time the loss occurred.

■ Petitioner's contention that the policy should not be canceled because the insured did not sign the application is without merit. The evidence established that the beneficiary, rather than his sixteen year old son, dealt with the agent of the insurer, paid the premiums, and accepted delivery of the policy with a copy of the application attached thereto. Under these circumstances, the petitioner must be held to have ratified any false statements in the application. *Odom v. Insurance Co. of State of Pennsylvania,* 455 S.W.2d 195 (Tex.1970).

Here, the trial court found from the evidence adduced at the trial that the application contained false answers regarding the insured's prior medical history and that such false statements were material to the risk in that the policy would not have been issued but for such statements. No question of waiver or estoppel being presented, the trial court properly entered judgment under Article 21.16 canceling the policy and ordering the premiums returned to petitioner.

The judgments of the courts below are affirmed.