Honorable Margaret Moore Travis County Attorney P. O. Box 1748 Austin, Texas 78767
Re: Construction of article 3836(a)(3), V.T.C.S.
Dear Ms. Moore:
You ask about the proper construction of article 3836(a)(3), V.T.C.S., which provides the following in pertinent part:
 (a) Personal property (not to exceed an aggregate fair market value of $15,000 for each single, adult person, not a constituent of a family, or $30,000 for a family) is exempt from attachment, execution and every type of seizure for the satisfaction of liabilities, except for encumbrances properly fixed thereon, if included among the following:
. . . .
 (3) All passenger cars and light trucks . . . that are not held or used for production of income or, whether held or used for production of income or not, any two of the following categories of means of travel: Two animals from the following kinds with a saddle and bridle for each: horses, colts, mules, and donkeys; and bicycle or motorcycle; a wagon, cart, or dray, with harness reasonably necessary for its use; an automobile or station wagon; a truck cab; a truck trailer; a camper-truck; a truck; a pick-up truck. (Emphasis added).
You have suggested two possible interpretations of subsection (a)(3) and wish to know which is the proper one. Under one view, a person claiming an exemption from forced sale for debt must elect under subsection (a)(3) to exempt either `all passenger cars and light trucks . . . that are not used for production of income' or any two of the categories of the means of travel listed in article 3836(a)(3). Under the alternative interpretation, one may claim all passenger cars and light trucks not held or used for production of income in addition to two of the categories of the means of travel there enumerated. Under this second interpretation, the underscored `or' in subsection (a)(3) would be construed to mean `and.' The fundamental issue is whether the legislature intended the underscored `or' in subsection (a)(3) to mean `and.' We reject this interpretation and conclude that a person claiming exemption from forced sale for debt under article 3836(a)(3) must, in effect, make an election.
Article 3836, V.T.C.S., was amended in 1973 to provide for exemption from forced sale, subject to aggregate dollar-amount limitations, certain categories of personal property, including `any two of the following categories of means of travel.' The categories then enumerated are those presently found in subsection (a)(3). Acts 1973, 63rd Leg., ch. 588, at 1628. The legislature amended article 3836 in 1979 to read as it does now. See Acts 1979, 66th Leg., ch. 302, at 688 [hereinafter House Bill No. 1060].
The cardinal principle of statutory interpretation is to ascertain legislative intent. Minton v. Frank,545 S.W.2d 442 (Tex. 1976). Each word of a statute is presumed to have been used for a purpose. Eddins-Walcher Butane Company v. Calvert, 298 S.W.2d 93 (Tex. 1957). The Texas Supreme Court set forth the test with respect to the proper construction of `and' and `or' in Board of Insurance Commissioners of Texas v. Guardian Life Insurance Company of Texas, 180 S.W.2d 906 (Tex. 1944), wherein they declared at 908:
 Ordinarily the words `and' and `or' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word `and' is sometimes construed to mean `or.' This construction is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in any absurdity; or would be tantamount to a refusal to correct a mistake. (Emphasis added).
See also Robinson v. Reliable Life Insurance Company,569 S.W.2d 28 (Tex. 1978); Bayou Pipeline Corporation v. Railroad Commission of Texas, 568 S.W.2d 122 (Tex. 1978). There are no `strong reasons' which compel us to construe `or' to mean `and.' Such a construction is unnecessary to effectuate the intent of the legislature or to prevent an ambiguity, absurdity, or mistake.
The 1979 amendment to article 3836 was part of House Bill No. 1060, which was passed to implement constitutional amendments adopted at the general election of 1978 affecting property tax. One amendment to article VIII, section 1 of the constitution authorizes the legislature to `exempt all or part of the personal property homestead of a family or single adult, `personal property homestead' meaning that personal property exempt by law from forced sale for debt, from ad valorem taxation.' In order to determine those items of personal property the legislature is empowered to exempt, one must turn to article XVI, section 49 of the constitution and, specifically, its implementing legislation, article 3836. If the legislature sought, by legislation as opposed to constitutional amendment, to exempt from ad valorem taxation any items of personal property not enumerated in article 3836, it could permissibly do so only by first amending article 3836. See Attorney General Opinion MW-351 (1982). The legislature accomplished this very thing by its 1979 amendment to subsection (a)(3) of article 3836. It subsequently passed implementing legislation which did exempt from ad valorem taxation passenger cars and light trucks not held or used for production of income. See Property Tax Code § 11.25.
Our examination of the legislative history of House Bill No. 1060 indicates that the purpose of the amendment was to ensure that personally-owned automobiles not held or used for production of income could be exempt from ad valorem taxation, see Report of House Study on House Bill No. 1060 at 95 (Nov. 10, 1980), rather than to enlarge the class of properties exempt from forced sale for debt. There is no indication that the legislature was even concerned with the effect on the class of properties exempt from forced sale for debt which this amendment to article 3836 accomplished. We conclude that `or' in subsection (a)(3) does mean `or.'
 SUMMARY
A person claiming an exemption from forced sale for debt under article 3836(a)(3), V.T.C.S., must elect to exempt, subject to dollar amount limitations, either all passenger cars and light trucks as specified in the statute not held or used for production of income or any two categories of the means of travel specified in the statute whether held or used for production of income or not.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Jim Moellinger Assistant Attorney General