**Affirmed and Memorandum Opinion filed August 13, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00063-CV

---

### JOSE PALMA, Appellant

### V.

### ALLIED TRUST INSURANCE CO., Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1187921**

---

## MEMORANDUM OPINION

Appellant Jose Palma appeals the trial court's summary judgment in favor of appellee Allied Trust Insurance Co. In three issues he contends the trial court erred in granting summary judgment on his claims against appellee. We affirm.

### BACKGROUND

Palma purchased an insurance policy for his home with appellee. During the policy period, there was a fire at Palma's home. Palma submitted an insurance

claim under the policy. Appellee investigated and found that Palma had a prior conviction for insurance fraud that was not disclosed on his application for insurance. Appellee sent Palma a letter in which it rescinded the policy stating that Palma's misrepresentation rendered the policy void and that it would not have insured Palma had Palma disclosed his prior insurance fraud conviction.

Palma filed suit against appellee for breach of contract, breach of the duty of good faith and fair dealing, deceptive trade practices and unconscionable conduct, violations of the Texas Prompt Payment of Claims Act and Insurance Code, unfair insurance practices, fraud, and conspiracy. Appellee answered and asserted the defense that it rescinded the policy because of Palma's "material misrepresentation" among other affirmative defenses.

Appellee filed a traditional motion for summary judgment arguing that "there is no genuine issue of any material fact that [the policy] issued to [Palma] is void due to [Palma's] material misrepresentation in the policy application that he was never convicted of insurance fraud." Appellee went on to argue that it conclusively established that: (1) the policy contained a "concealment or fraud provision" which voided the insurance contract; (2) Palma made a material misrepresentation in his Policy application; (3) appellee relied and acted upon Palma's material misrepresentation; and (4) Palma's policy is void due to his material misrepresentation. In support of these elements, appellee submitted five exhibits: (1) the policy application; (2) the policy; (3) the "DocuSign certification of completion;" (4) correspondence with insurance agent; and (5) Palma's criminal conviction for insurance fraud. In its motion, appellee stated that it "rescinded the policy due to the material misrepresentation," that Palma "made the material misrepresentation in his application with the intention that it be acted upon by

2

[appellee]" and "but for [Palma's] material misrepresentation, [appellee] would have never entered into the policy with [Palma]."

Palma responded, arguing that there was no intentional or material misrepresentation. Palma attached as evidence the letter sent by appellee stating the policy was void due to his misrepresentation. Palma argued that under the statute, "it is a question of fact whether a misrepresentation for the policy or in the policy itself was material to the risk or contributed to the contingency or event on which the policy became due and payable." *See* Tex. Ins. Code § 705.004(c).

The trial court rendered a final summary judgment in favor of appellee without specifying the reasons therein. Palma filed a motion for new trial and motion for reconsideration arguing that appellee did not prove that any misrepresentation was either intentional or material. The trial court did not rule on the motion and it was denied by operation of law.

### MISREPRESENTATION IN INSURANCE APPLICATION

Palma argues that "whether a misrepresentation is material is a question of fact" both under the Insurance Code and common law and, therefore, summary judgment was improper. Palma argues that "[b]ecause no facts have been alleged or proven to support that the misrepresentation was material to the risk or contributed to the contingency or event on which the policy became due and payable, then it was error to grant the motion for summary judgment." Appellee contends that there is "ample, undisputed evidence in the record to show that [Palma's] misrepresentation was material and no evidence to the contrary." Appellee points to a letter attached to Palma's summary judgment response that it sent to Palma alleging that the misrepresentation was "material" and to its own statement that it "would have rejected this policy application but for the misrepresentation made in the policy."

3

## A.    General Legal Principles

"We review an order granting summary judgment de novo, taking as true all evidence favorable to the nonmovant and indulging every reasonable inference in the nonmovant's favor." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). "To be entitled to traditional summary judgment, the movant has the burden to prove that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law." *Id*. A trial court must grant a traditional motion for summary judgment if the evidence shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on the issues expressly set out. Tex. R. Civ. P. 166a. The burden of proof never shifts to the non-movant unless and until the movant has established "his entitlement to summary judgment by conclusively proving all essential elements of his cause of action or defense as a matter of law." *Draughon v. Johnson*, 631 S.W.3d 81, 87 (Tex. 2021) (internal quotations omitted).

When, as here, "a trial court's order granting summary judgment does not specify the grounds on which its order is based, the appealing party must negate each ground upon which the judgment could have been granted." *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022).

Insurance policies are contracts that establish the respective rights and obligations agreed to by the insurer and insured. *Am. Nat'l Ins. Co. v. Arce*, 672 S.W.3d 347, 353 (Tex. 2023). Insurance policies are construed and enforced as contracts. *Id*. "[A]n insurer cannot avoid contractual liability based on a misrepresentation in an application for any type of insurance without pleading and proving: (1) the making of the misrepresentation; (2) the falsity of the representation; (3) reliance by the insurer; (4) the intent to deceive on the part of the insured in making the same; and (5) materiality of the representation." *Id*. at

4

353–54 (citing *Mayes v. Mass. Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980)).

Section 705.004 constrains an insurer's ability to avoid an insurance obligation based on misrepresentation in an insurance application. *See id*. at 356 ("Both the statutory and the common-law elements govern an insurer's misrepresentation defense because, grammatically, section 705.051 [Immaterial Misrepresentation in Life, Accident, or Health Insurance Application] states conditions that are necessary, not sufficient, to defeat recovery."). Section 705.004, provides:

> § 705.004. Policy Provision: Misrepresentation in Policy Application
>
> (a) An insurance policy provision that states that false statement made in the application for the policy or in the policy made the policy void or voidable:
>
> (1) has no effect; and
>
> (2) is not a defense in a suit brough on the policy.
>
> (b) Subsection (a) does not apply if it is shown at trial that the matter misrepresented:
>
> (1) was material to the risk; or
>
> (2) contributed to the contingency or event on which the policy became due and payable.
>
> (c) It is a question of fact whether a misrepresentation made in the application for the policy or in the policy itself was material to the risk or contributed to the contingency or event on which the policy became due and payable.

Tex. Ins. Code § 705.004. "Materiality is viewed as of the time of the issuance of the policy, . . . and if the representation concerned a matter which was material to the risk at that time, and did actually induce the insurer to issue the policy, . . . it is grounds for avoidance of the policy without proof that the condition

5

misrepresented actually caused the loss." *Robinson v. Reliable Life Ins. Co.*, 554 S.W.2d 231, 234 (Tex. App.—Dallas 1977), *aff'd*, 569 S.W.2d 28 (Tex. 1978).

## B.    Analysis

In its motion for summary judgment, appellee argued that Palma made a "material misrepresentation" because he indicated he had never been convicted of a "felony, arson, or insurance fraud." On appeal appellee points to the letter it sent Palma rescinding the policy as conclusive evidence that Palma's misrepresentation was material to the risk. In the letter, appellee states that it would not have issued the policy had it known of Palma's prior conviction for insurance fraud. The "Applicant's Statement" in the policy application indicates that Palma agreed the policy would be void "if such information is false or misleading in any way that would affect the premium charged or eligibility of the risk based on company underwriting guidelines." Appellee, in its letter, indicated that it would not agree to the policy at all, necessarily affecting the premium charged, if it had known the truth at the time it issued the policy. *See Jackson v. Nat'l Life & Accident Ins. Co.*, 161 S.W.2d 536, 537–38 (Tex. App.—Dallas 1942, writ. ref'd w.o.m.) (representation that insured had not been injured and had not consulted a physician was material to the risk since insurer's knowledge of these facts would influence it in making the contract); *Indiana & Ohio Live Stock Ins. Co. v. Smith*, 157 S.W. 755, 756 (Tex. App.—Austin 1913, writ ref'd) (misrepresentation concerning amount paid for insured livestock was material to the risk since facts showed representation induced insurer to write the policy); *see also Hinna v. Blue Cross Blue Shield of Tex.*, No. 4:06-CV-810-A, 2007 WL 3086025, at *6 (N.D. Tex. Oct. 22, 2007) (evidence supporting element that misrepresentation was material to the risk included a "risk committee report" and letter rescinding plaintiff's policy because the two items established that had the insurer known of the risk at the time

6

of the application, the insurer would have issued the policy with an exclusion for that risk). Thus, through submission of this evidence, appellee established that Palma's misrepresentation was material to the risk.

Palma does not point to any evidence in the record raising a genuine issue of material fact on this element. Instead, Palma asserts that whether a misrepresentation is material to the risk is always a question of fact, precluding summary judgment. Palma contends the statute supports this interpretation because the Insurance Code states "[i]t is a question of fact whether a misrepresentation made in the application for the policy or in the policy itself was material to the risk." *See* Tex. Ins. Code § 705.004(c).

"The purpose of a summary judgment is to 'provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact.'" *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296–97 (Tex. 2011) (quoting *Gaines v. Hamman*, 358 S.W.2d 557, 562 (Tex. 1962)). Various elements of claims may be a "question of fact" where there is an actual, genuine dispute between the parties about the facts. However, when no genuine issues of material facts exist, a court may properly grant summary judgment because there are no facts to find. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997) ("[I]f summary judgment is proper, there are no facts to find."); *see also Kholaif v. Safi*, 636 S.W.3d 313, 318 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) ("When a party cannot show a material fact issue, there is nothing to submit to the jury, and the rendition of summary judgment does not violate the right to a jury.").

Here, appellee submitted its undisputed evidence establishing its affirmative defense. Palma did not respond with evidence to dispute the facts as stated by

appellee. We have already concluded summary judgment was proper because Palma failed to submit evidence to raise a genuine issue of material fact.

We overrule Palma's first issue.

## RELIANCE

In his second issue Palma argues that appellee could not have relied on his misrepresentation because the policy application was not submitted until after appellee had issued the policy. Appellee argues Palma has waived this argument because it was not presented to the trial court. Palma concedes that it was "not specifically mentioned in the argument section" of its response, but nevertheless was raised by the summary judgment evidence—pointing to the letter sent by appellee to Palma rescinding the policy and two other exhibits.

We disagree with Palma that this issue was raised by the submission of this evidence. "Issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1992).

We overrule Palma's second issue.

## STATUTORY CONSTRUCTION

In his third issue, Palma contends that the proper interpretation of "if it is shown at trial" means that a policy cannot be voidable unless "the case goes to trial." Palma did not make this argument below to the trial court as a basis for avoiding summary judgment. As a result, it has not been preserved for our review. *See id.*; *see also TXU Portfolio Mgmt. Co., L.P. v. FPL Energy, LLC*, 529 S.W.3d 472, 479–80 (Tex. App.—Dallas 2016, no pet.) (discussing whether statutory

construction argument was preserved for review). Even if we concluded it was preserved, we disagree with Palma's interpretation.

Section 705.004 provides:

(a) An insurance policy provision that states that false statement made in the application for the policy or in the policy made the policy void or voidable:

(3) has no effect; and

(4) is not a defense in a suit brought on the policy.

(b) Subsection (a) does not apply **if it is shown at trial** that the matter misrepresented:

(3) was material to the risk; or

(4) contributed to the contingency or event on which the policy became due and payable.

Tex. Ins. Code § 705.004 (emphasis added). Put simply, the plain language of the statute indicates that a policy provision rendering the policy void or voidable for *any* false statement made in the application is ineffective and is not a defense to a suit brought to enforce the policy. *See id*. Instead, such a provision is a defense if the insurer demonstrates the misrepresentation was material to the risk or contributed to the contingency or event on which the policy became payable or due. *See id*. As detailed above, the common law provides other requirements that the insurer must also demonstrate to establish its defense. *See Arce*, 672 S.W.3d at 353–54 (citing *Mayes v. Mass. Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980)). None of these requirements obviates the insurer's ability to obtain summary judgment on its defense when the facts are undisputed. Palma has not articulated any reason for instilling such a requirement or provided any case law supporting his interpretation.

We overrule Palma's third issue.

9

## CONCLUSION

Having overruled Palma's issues on appeal, we affirm the judgment of the trial court.

/s/ Ken Wise
Ken Wise
Justice

Panel consists of Chief Justice Christopher and Justice Wise and Jewell.